[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Liberty Mutual Insurance Company (Liberty Mutual), of Boston, commenced this action against two defendants, Richard Morrissette d/b/a Kitchen Baths, Inc. and Timothy S. Morrissette d/b/a Kitchen 
Baths, Inc., for unpaid workers' compensation insurance premiums totalling approximately $20,000. The defendants filed a special defense that the insurance was provided to a corporation and not to them individually.
The case was referred to Attorney Sydney C. Kweskin, an attorney trial referee, in accordance with General Statutes 52-434(a)(4) and Practice Book 428 et seq. The attorney trial referee recommended that judgment enter for the plaintiff against the two individual defendants in the amount of $20,541, plus interest from April 26, 1990. The attorney trial referee's report included several findings of fact, among which were that: (1) the CT Page 3816 two Morrissettes used the trade name of Kitchen Baths for their business; (2) the application for insurance to Liberty Mutual referred to "Kitchen Baths"; and (3) the policy was issued to Kitchen Baths.
The attorney trial referee concluded in effect that the defendants had failed to prove their special defense that they were not individually liable and that their corporation was responsible for the payment of the premiums.
In accordance with Practice Book 438, the defendants moved to correct the attorney trial referee's report by claiming that the findings of fact should be amended in order to indicate, among other things, that: (1) the application referred to Richard Morrissette as president and Timomy S. Morrissette as vice president of a corporation, and therefore Liberty Mutual knew it was dealing with a corporation; (2) an exhibit was submitted which indicated that both individual defendants applied to be excluded from workers' compensation coverage because of their status as corporate officers; and (3) the "corporate veil" cannot be "pierced" under the rule of "Zaist v. Olson, 154 Conn. 563 (1967)," because plaintiff failed to prove that the individuals so controlled the corporation that it had "no mind, will or existence of its own"; and/or that the corporation had ceased to have any individual existence.
In response to the defendants' motion to correct, the referee issued a supplemental report dated December 9, 1992, which pointed out that: (1) the name of the "employer" on the application for insurance was "Kitchen 
Baths"; (2) no specific corporation name was included in the application; (3) although Timothy Morrissette stated that he was a "vice president," there was no reference to any named corporation; (4) the previous owner of the business used a corporate form of ownership to run Kitchen Baths, but that this corporation had been dissolved; and (5) there was no reference to a specific corporation in subsequent audits or billings by the plaintiff.
The usual review of an attorney trial referee's report by this court consists of two tasks, according to Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied,217 Conn. 811, 587 A.2d 153 (1991). The first is to determine whether "there was ample evidence to support the attorney trial referee's factual findings," and the second is to rule on whether "the conclusions reached were in accordance with applicable law." In this case, however, although the defendants did file objections to the acceptance of the report, Practice Book 440, they did not file a transcript of the trial and exceptions asking this court to correct the report. Practice Book 439. It follows therefore that the factual findings by the referee must stand CT Page 3817 uncorrected. Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994
(1985) (our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions"). Failing to file exceptions constitutes in effect a "waiver" of the right to "attack the subordinate factual findings contained in the report." Bernard v. Gershman, 18 Conn. App. 652, 655, 559 A.2d 1171 (1989).
This court's authority in reviewing an attorney trial referee's recommendations is a limited one, in any event. As our Supreme Court held in Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517 (1989): (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Also, Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250
(1989), notes that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous."
Since we must accept the referee's findings of fact in the absence of any is a limited one, in any event. As our Supreme Court held in Dills v. Enfield, 210 656, is to determine whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440. The Appellate Court added that "[w]here evidence is in conflict, its probative force is for the trier of fact to determine." Id. Reviewing the motion to correct, one senses that the defendants are attempting to substitute their own version of the facts for those found by the referee, which is a practice discountenanced in Argentis v. Gould, 23 Conn. App. 9, 19,579 A.2d 1078 (1990). The facts found by the referee are that the individual defendants applied for insurance and that the plaintiff issued a policy to them, not to a corporation. The conclusion that the two individual defendants are indebted to the plaintiff is supported by the underlying findings of fact.
The objections by defendants to the acceptance of the referee's report, filed in accordance with Practice Book 440, contend that they did not have an opportunity to respond to the referee's supplemental report by filing exceptions. The supplemental report was filed in this court on December 16, 1992, and an assistant clerk certified that he had sent copies thereof to all counsel. The defendants had ten days thereafter to file exceptions, but did not do so. CT Page 3818
In conclusion, I agree with the referee that judgment should enter in favor of the plaintiff because he found as a fact that the insurance policy was applied for by the two individual defendants, and that the policy was issued to them. No material error the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443. In the words of Practice Book 440, the conclusions "were properly reached on the basis of the subordinate facts found."
Judgment is entered in favor of the plaintiff to recover $20,541 from the defendants in accordance with the recommendation of the attorney trial referee. It does not appear from the findings that the application for insurance or the policy provide for interest for unpaid premiums. Moreover, the findings do not indicate that the money was wrongfully withheld. General Statutes 37-3a. Associated Catalog Merchandisers, Inc. v. Chagnon, 210 Conn. 734, 748, 557 A.2d 525 (1989). Accordingly, I do not believe that a statutory or contractual basis exists for the awarding of prejudgment interest.
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of April, 1993.
William B. Lewis, Judge