KATHERINE A. SHAW ET AL. *v.* L.A. SOCCI, INC.
(8915)

DUPONT, C. J., FOTI and LAVERY, Js.

224

Argued September 24, 1990—decision released March 12, 1991

*John V. Bologna,* with whom, on the brief, was *Dannel Malloy,* for the appellant (defendant).

*Gary D. Rafsky,* for the appellees (plaintiffs).

FOTI, J. The defendant appeals from the judgment rendered in favor of the plaintiffs. By their complaint, the plaintiffs sought reimbursement for the cost of a

swimming pool cover, and for additional amounts required to complete or repair work either not performed by the defendant, or done in a deficient manner. The defendant, by its counterclaim, sought an unpaid balance due, including claimed additional options, in the amount of $6095.51. The defendant alleges that the court improperly (1) held that General Statutes § 20-429 (a) (6) is a special defense to its counterclaim, and (2) failed to consider adequately the defendant's objections to the factual findings. We reverse the trial court's judgment in part.

This action was referred to an attorney factfinder.[1] A hearing was conducted by the factfinder, and findings of fact were issued on December 13, 1989. The factfinder found that on October 6, 1986, the plaintiffs, Katherine A. Shaw and Marian B. Keegan, entered into a contract with the defendant, L.A. Socci, Inc. This contract provided that the defendant would remodel the plaintiffs' swimming pool according to certain specifications for the sum of $14,950. It was further found that the plaintiffs had paid the full contract price, which included handwritten extras for a total of $20,000, and had also expended $2409.27 to complete work unfinished by the defendant and to repair work of deficient quality that the defendant had performed. The plaintiffs paid $3500 for additional options and also spent $1662 for a new pool cover that was to have been furnished by the defendant. The factfinder recommended that judgment be rendered for the plaintiffs in the amount of $4071.57. He also recommended that the court deny the defendant's counterclaim because the plaintiffs had asserted a valid special defense under the Home

---

[1] Factfinders are limited to hearing contract actions "based upon an express or implied promise" in which only "money damages . . . less than fifteen thousand dollars" are claimed. General Statutes § 52-549n; Practice Book § 546D.

Improvement Act, General Statutes § 20-429 (a) (6).[2] The trial court accepted these recommendations and rendered judgment accordingly.[3]

The defendant claims, the plaintiffs concede, and we agree that the plaintiffs were not entitled to the statutory special defense recommended by the factfinder and accepted by the trial court. General Statutes § 20-429 (a) (6) was enacted in 1988 as part of Public Acts 1988, No. 88-269, § 9.[4] It was not part of the Home Improvement Act as it existed in 1986 when this contract was formed. Therefore, it cannot be a valid special defense to the defendant's counterclaim.

The plaintiffs argue, however, that we should affirm the trial court's judgment in their favor on the defendant's counterclaim because, although the grounds relied on by the trial court were improper, the court's decision was supported by other proper grounds. The plaintiffs argue that General Statutes § 20-429 (a)[5] barred the counterclaim even as it existed in October, 1986.

---

[2] General Statutes § 20-429 (a) provides in relevant part: "No home improvement contract shall be valid or enforceable against an owner unless it: . . . (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740."

[3] We have recently reviewed the function of both attorney trial referees and factfinders; *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 297–300, 552 A.2d 827 (1989); and determined that neither may render judgment. Both are simply finders of fact and their conclusions of law are not binding on the trial court. See also *Dills* v. *Enfield,* 210 Conn. 705, 713, 557 A.2d 517 (1989).

[4] General Statutes § 20-429 was amended in 1988 to include the subsection in question. Although the plaintiffs originally utilized General Statutes § 20-429 (a) (6) as a special defense in their pleading of May 1, 1989, which was entitled "Plaintiffs' Response to Counterclaim and Special Defenses," they broadly employed General Statutes § 20-429 as a special defense in their May 5, 1989 response to the defendant's amended answer and counterclaim dated May 4, 1989.

[5] On October 6, 1986, General Statutes § 20-429 (a) provided: "No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor."

The provision, now codified as General Statutes § 20-429 (a) (3), requires a home improvement contract to contain the entirety of the parties' agreement. The plaintiffs argue that because the written contract did not reduce the parties' entire agreement to writing, the contract cannot be enforced by the defendant through his counterclaim.[6]

It is not clear whether the written contract of October 6, 1986, which indisputedly amounted to $20,000, is the entire agreement of the parties. Also, it is not clear what is meant by "additional options" and "additional work" under the "terms of the written contract" as is claimed by the defendant's counterclaim. The record is, therefore, inadequate to allow us to determine whether there is the requisite factual basis to determine the ultimate question necessary for the alternate ground, namely, whether the parties' entire agreement was reduced to writing.

We would affirm the judgment even if based on erroneous grounds "if the same result is required by law." *A & H Corporation* v. *Bridgeport,* 180 Conn. 435, 443, 430 A.2d 25 (1980); see also *East Hartford* v. *East Hartford Municipal Employees Union, Inc.,* 206 Conn. 643, 646–47, 539 A.2d 125 (1988); *Golab* v. *New Britain,* 205 Conn. 17, 27, 529 A.2d 1297 (1987); *Herrmann* v. *Summer Plaza Corporation,* 201 Conn. 263, 274, 513 A.2d 1211 (1986). We cannot, however, affirm the deci-

---

[6] By way of counterclaim the defendant alleges:

"5. Subsequent to the parties entering into said contract, additional options were elected by the plaintiffs and additional work was performed by the defendant, thereby increasing the total price to Thirty-Three Thousand Ninety-Five Dollars and fifty-one cents ($33,095.51).

"6. That defendant performed all the work and conditions on its part to be performed under the terms of the written contract, and plaintiffs accepted performance in full.

"7. That there remains an outstanding balance due and owing the defendant in the amount of Six-Thousand Ninety-Five Dollars and fifty-one cents ($6,095.51) . . . ."

sion based on the statute cited by the plaintiff. The record shows that this statute was never considered by the factfinder, and both the factfinder's report and the court's memorandum of decision are devoid of factual support for the plaintiffs' position.[7] Therefore, we cannot determine whether the trial court would have been forced to conclude that the parties' entire agreement was not reduced to writing. Although "this court is authorized to rely upon alternative grounds supported by the record to sustain a judgment"; *Henderson* v. *Department of Motor Vehicles,* 202 Conn. 453, 461, 521 A.2d 1040 (1987); in this case, the record is insufficient to permit us to employ the alternative ground and does not supply justification to affirm. The judgment for the plaintiffs on the defendant's counterclaim must, therefore, be set aside, and a new hearing held regarding it on remand.[8]

The defendant next claims that the court did not properly "attend to its objections" to the factual findings. The defendants filed objections to two of the factual findings pursuant to Practice Book § 546H.[9] The defendant objected to the finding that a new pool cover was included in the contract price, and the finding that a new contractor was hired to remedy defective work.

[7] The plaintiffs filed neither an objection to the factfinder's improper reliance on General Statutes § 20-429 (a) (6) nor a motion to correct any findings made.

[8] On remand for the limited purposes of hearing the counterclaim, the trial court may if it deems it proper, exercise its discretion to allow, if requested, the filing of a special defense by the plaintiffs specifying General Statutes § 20-429 (a), in effect on October 6, 1986, in the event that the plaintiffs' present special defenses that refer to "Connecticut General Statutes § 20-429" are deemed to be insufficient to raise this question presented for the first time on appeal.

[9] Practice Book § 546H provides: "A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted.

"Objections must be filed within fourteen days after the filing of the finding of facts."

The bases of these objections was the defendant's contention that the findings were conclusory and not supported by the evidence, and that the trial court had not adequately reviewed the findings of the factfinder.

The trial court addressed the defendant's objections in the memorandum of decision: "The defendant has filed objections to the acceptance of the factfinder's recommendation. Two of the objections in essence ask that the court substitute its own findings of fact for those of the factfinder. This request must be denied in the light of the very recent decision in *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990)." The court relied on the language from *Wilcox* that "[i]n a contract action findings of fact should be overturned only when they are clearly erroneous."

It is not our function to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found. That initial review is the duty of the trial court. Nothing in the record indicates that the trial court did not fulfill its duty. In *Wilcox*, the factfinder filed his findings and memorandum, and the plaintiff filed an objection stating that the setoff, claimed by the defendant and recommended by the factfinder, was not supported by the evidence. After the court reviewed those portions of the transcript supporting the findings on the setoff, it sustained the objections to the factfinder's report, upholding the defendant's setoff and rendered judgment for the plaintiff for the full amount. It was clear, therefore, that the court reviewed the record and determined that the factfinder's recommendations were not supported by the evidence.

While the record here does not, directly or implicitly, demonstrate that the court reviewed the record to

determine whether the findings of fact to which the defendant objected were supported by the evidence, the defendant cannot show that such a review was not made. We must allow every reasonable presumption to be made in favor of the correctness of the actions of the trial court. *Cookson* v. *Cookson,* 201 Conn. 229, 244, 514 A.2d 323 (1986); *Perry* v. *Hospital of St. Raphael,* 17 Conn. App. 121, 124, 550 A.2d 645 (1988). The defendant asks that we presume that the court did not act to review; we presume that the court acted and did so correctly.

The judgment on the defendant's counterclaim is reversed and the case is remanded for a new trial on the counterclaim; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.