[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have timely filed objections and revised exceptions to the referee's report as corrected. The objections raise claims of law which do not differ materially from the exceptions and so the court's ruling on the exceptions will be dispositive of the objections.
The court's function in reviewing the report of an attorney trial referee is governed by P. B. 443 and the recent Appellate CT Page 6438 Court decision of Shaw v. Socci, 24 Conn. App. 223 (1991). In that case the court held that it is the duty of the trial court to determine whether the ultimate factual conclusions of an attorney trial referee are supported by his subordinate factual findings. Thus, where there is an exception, the trial court must determine not only whether the subordinate findings support the ultimate factual findings but also whether the underlying evidence supports the findings. We now proceed to consider the exceptions as they have been presented.
Exception 1 — Finding #14. The seller was authorized to impose this requirement on the purchaser in the event that the purchaser "obtained a mortgage in an amount less than $576,000." The requirement did not apply if the purchaser obtained no mortgage commitment. The referee correctly interpreted the language of the contract.
There is a rationale for such an interpretation. The purchaser had a right to insist upon dealing with a "Connecticut lending institution" for its primary financing. Such insistence may result from such considerations as the purchaser's desire to have his loan records maintained professionally, to have periodic computerized loan statements issued and to have his monthly payments charged to his checking account. These are by no means exhaustive but illustrative of the reasons why the purchaser might be unwilling to take a purchase money first mortgage loan from the seller.
Exception 2 — Finding #16. There is no reason for the court to reach this issue in view of its ruling on the other exceptions. The plaintiff manipulates the English language when he denies that "cannot qualify for a mortgage" is the functional equivalent of "unable to obtain a commitment". This is a distinction without a difference.
The plaintiff seem to argue that Exhibit I is tantamount to a commitment when in fact by its own terms it is "subject to modification or denial" and as such was illusory.
Exception 4 — Finding #34. Same as Exception 2.
Exception 5 — Finding #35. See Exception 1. The referee properly pointed out in this finding that the letter from the plaintiff to the defendant constituted a new offer containing different terms and conditions as those contained in the agreement. Thus, the purchaser was free to accept or reject it.
Exception 6 — Finding #37. See Exception 5.
Exception 7 — Finding #38. See Exception 2. CT Page 6439
Exception 8 — Finding #49.
Paragraph ten was clearly intended by the parties to create the remedy of liquidated damages for the purchaser's default, the parties having deleted from the agreement an election of remedies provision.
Exception 9 — Finding #51. The subordinate facts found in the record amply support the ultimate conclusion that "none of the five lending institutions would commit to a mortgage".
Exception 10 — Findings #55, 56 and 57. This exception is based upon a misunderstanding of the meaning and purpose of the purchase money second mortgage provision contained in paragraph 21 of the agreement. This finding merely states in other words the proposition that the seller had no right to leverage the purchaser into a purchase money first mortgage to which he had not agreed. See Exception #1.
Exception 11 — Finding #100. This exception presumes that the purchaser was obligated formally to accept Centerbank's proposal of August 3, 1990 when it contained a substantial condition which would have required the purchaser to maintain a $100,000 minimum balance in his business checking account. It is curious that the plaintiff does not attack Finding #86 in which the referee held that the effect of this requirement was to reduce the loan under consideration from $576,000 to $476,000. The plaintiff cites the defendant's failure to accept the proposal as evidence of his failure to pursue the application with diligence. The defendant's financial inability or unwillingness to accept the proffered condition cannot be construed as a lack of diligence.
Exception 12 — Finding #103. The subordinate facts found in the record support this finding. Here the plaintiff refutes his own argument when he states that "there is no evidence that the defendant heard from any bank other than Centerbank prior to August 13, 1990." Paragraph 21 required that the defendant obtain a commitment before August 17, 1990. If he did not hear from the banks he obviously did not obtain a commitment. In any event the trier was at liberty to believe the defendant's testimony that he had not heard from all five banks prior to August 13, 1990.
Exception 13 — Ultimate Fact #3. This conclusion reasonably flows from the referee's findings which have been discussed above.
Exception 14. The request to add this paragraph to the referee's findings is denied because the August 3, 1990 letter was not a proposal for a mortgage but a proposal "intended as a basis for discussion" of a mortgage. CT Page 6440
Exception 15. This request is granted and the referee's report is corrected to add this request as Finding #104. The addition of this finding is hereby found to be immaterial and does not change the result.
For the foregoing reasons the exceptions and objections are denied/overruled and the referee's report is accepted except as corrected by the addition of Finding #104. Judgment may enter in accordance with the report
MOTTOLESE, J.