[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6676
This is an action to recover on a payment bond provided in connection with a municipal construction project. The plaintiff, ECAP Construction, Inc. (ECAP), was the concrete subcontractor, and the general contractor was Wernert Construction Company (Wernert). The project involved renovations to a fire station in the Glenbrook section of Stamford, owned by the New Hope Fire Company. The contract between the plaintiff and Wernert, which was dated May 1, 1990, was in the amount of $44,000. The defendant, Acstar Insurance Company (Acstar), furnished a performance and payment bond, pursuant to General Statutes49-41, with itself as surety and Wernert as principal.
In its complaint, ECAP claimed that it was owed a balance of $8,000 for its work on the fire station, which Wernert had refused to pay, that it had notified the defendant pursuant to General Statutes 49-42, and that Acstar also had refused to make this payment. Acstar filed an answer, a special defense claiming the expiration of the "period of limitation" in the bond it had furnished, and a counterclaim in its capacity as "subrogee and/or assignee of Wernert." The counterclaim alleged that because Wernert had not finished the project, and that plaintiff had not performed its concrete subcontract in a workmanlike manner, the defendant Acstar was obliged to complete the renovations, and Acstar seeks damages of more than $2,500, but less than $15,000.
The case was referred to Attorney William D. LeMoult, an attorney factfinder, pursuant to General Statutes 52-549n, and Practice Book 546B et seq. The factfinder issued his report which, among others, contained the following findings: (1) the plaintiff subcontractor warranted its concrete work would be of good quality; (2) the concrete in the garage floor exhibited cracking, and portions of the topping on the floor separated from the base concrete slab; (3) the plaintiff refused to repair its concrete work; and (4) the defendant undertook to repair the faulty concrete work performed by plaintiff. The factfinder drew the following conclusions: (1) the cracked concrete flooring was the fault of the plaintiff, which did not perform its subcontract in a workmanlike manner; (2) the plaintiff was not entitled to recover the balance of the contract price; (3) the defendant in its capacity as surety for Wernert is entitled to damages for its expenditures in rectifying and completing the concrete work performed by plaintiff, and those damages were more than $15,000, the jurisdictional limit imposed by General Statutes 52-549n; and (4) in addition to damages, the defendant incurred and is entitled to recover costs of $3,999 in hiring a consulting engineer and an expert witness. CT Page 6677
The plaintiff ECAP then filed five objections to the report. Objections to a factfinder's report are authorized by Practice Book 546 ("[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the factfinder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted").
The five objections may be summarized as follows: (1) the factfinder's recommended award for the defendant of $18,999 exceeds the maximum award of $15,000 authorized by General Statutes 52-549n; (2) the recommended award of costs in the amount of $3,999 was contrary to General Statutes52-257 (c), which authorizes the awarding of costs for a successful litigant; (3) defendant had failed to prove that its cost of repairing the concrete floor exceeded $15,000; (4) the factfinder failed to credit the plaintiff with $8,000, the balance due on its subcontract; and (5) the recommendation that plaintiff not recover $8,000 was a "conclusion of fact not properly reached on the basis of the subordinate facts."
As pointed out by Beizer v. Goepfert, 28 Conn. App. 693, 698,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), any contract action may be referred to a factfinder "if only money damages are claimed and if the amount in controversy does not exceed $15,000." In reviewing the decision of a factfinder, Beizer makes the following points: (1) "[a] challenge to the trial court's factual findings requires that the plaintiff establish that the factual findings were clearly erroneous," meaning that the reviewing court "is left with the definite and firm conviction that a mistake has been committed;" Id., 704; (2) "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses;" Id., 704-05; (3) the reviewing court "will not retry the facts or assess the credibility of the witnesses," because "[t]he finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony," and "[t]he trial court is not bound by the uncontradicted testimony of any witness;" Id., 706; and (4) the issue is whether "[t]he factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." Id., 706.
The first and second objections by the plaintiff to the factfinder's report relates to his recommendation that defendant is entitled to recover $15,000, plus an additional $3,999 for costs. The defendant has not cited any authority for the awarding of costs incurred for engaging consultants and experts in prosecuting its counterclaim. General Statutes CT Page 667852-257 (c) concerns civil actions "in which the matter in demand is less than fifteen thousand dollars" and provides that $25 may be awarded. Therefore, I believe the plaintiff's objection to the awarding of $3,999 is well taken.
The third objection involves the sufficiency of the evidence to warrant an award of $15,000 to defendant. The factfinder was presented with evidence in the form of a report from Bethany Consultants that the cost of repair of the concrete floor would be approximately $17,000. In addition, Mr. David Judge testified, according to the transcript, that the owner of the Glenbrook fire station was withholding $25,000 to cover the estimated cost of repair. A report from Frank Mercede Company was introduced which indicated the cost or repair was more than $15,000, all of which justified the factfinder's recommendation of an award of $15,000.
The fourth and fifth objections to the report concern the failure of the factfinder to recommend that plaintiff recover $8,000, the balance due on the contract, or at least $4,039.20, representing the retainage by the defendant's principal, Wernert. The factfinder concluded that the plaintiff had not performed its concrete subcontract in a workmanlike and satisfactory manner, and therefore was not entitled to any recovery. This recommendation appears to be logical and reasonable.
Taking into account the standard of review authorized by Beizer v. Goepfert, supra, as well as the admonition in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250, cert. denied, 204 Conn. 804, 573 A.2d 318 (1990), that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous," plaintiff's objections three, four and five to the factfinder's report are rejected. According to Shaw v. L. A. Socci,24 Conn. App. 223, 229-30, 587 A.2d 429 (1991), the court's task in considering a factfinder's report is to "[review] the record to determine whether the findings of fact . . . were supported by the evidence." Having made such a review, judgment may enter in favor of the defendant on its counterclaim for $15,000, plus taxable costs of $25, and judgment may also enter in favor of the defendant with respect to plaintiff's complaint.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of July, 1993.
William B. Lewis, Judge CT Page 6679