[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, Mark Borderud, a photographer, to recover approximately $5,000 for services allegedly rendered to the defendant, Wally Young, d/b/a Young and Thomas, an advertising and design firm in Weston. The revised complaint, dated October 23, 1990, is in four counts. The first count claims that Borderud performed photography services for Young pursuant to an agreement, which was "reduced to writing," and subsequently "modified orally between the parties," that $5,220.34 was still owed to plaintiff, including cancellation charges pursuant to such agreement, and that defendant had been unjustly enriched. The second count alleges a breach of contract by the defendant Young. The third count claims the defendant made false representations that he would pay for the plaintiff's services, on which representations plaintiff relied to his detriment, and that the doctrine of "promissory estoppel" prevents the defendant from claiming that there was no contract between the parties. The fourth count asserts that defendant issued a check to plaintiff for $1,000, which was subsequently dishonored. Young filed an answer, and special defenses claiming that the check for $1,000 was an advance deposit to be only used if the parties actually entered into a contract, that no such contract was ever entered into, and that plaintiff had agreed to return the $1,000 if a contract was not agreed upon. CT Page 7629
The case was referred to Attorney Mark E. Fuhrmann, an attorney factfinder, pursuant to General Statutes 52-549n, and Practice Book 546B et seq. The factfinder issued his report which, among others, contained the following findings: (1) in or about May of 1989, the plaintiff and defendant agreed that plaintiff would perform photographic services for the defendant, including photographs for a swim catalogue, and that defendant would pay Borderud for such services; (2) Borderud prepared a written contract in July, 1989, embodying the terms agreed upon, but Young attempted to modify the agreement by insisting that the plaintiff also furnish consumer advertising pictures without additional charge; and (3) Borderud refused to accept this change and that ended the relationship between the parties. The factfinder concluded that "Young's cancellation of the agreement" damaged the plaintiff in the total amount of $2,861.06, representing a "cancellation fee" of $2,125 and $741.06 for expenses.
The defendant Young then filed an objection to the report dated December 17, 1991, claiming that the "findings of fact do not comport with the testimony elicited and the evidence offered," and also that the findings of fact "were not properly reached on the basis of the subordinate facts found." Objections to a factfinder's report are authorized by Practice Book 546 ("[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted").
The objections were treated as a "motion to correct" by the court, Mottolese, J., and returned to the factfinder for review and comment. In addition, the defendant filed "specific objections to acceptance of findings of fact," which were dated January 6, 1992, but not filed in court until March 12, 1992. In response to these objections, Judge Mottolese ruled on March 10, 1992 that they were "[o]verruled as not timely filed under P. B. 546H. However, the objection of December 17, 1991 is timely filed and so this objection (referring to the one dated January 6, 1992) is remanded to the factfinder as if it were a motion to correct and read into the objection of December 17."
The objections to the factfinder's report by defendant dated January 6, 1992, and filed March 12, 1992, may be summarized as CT Page 7630 follows: (1) Borderud and Young never reached a final understanding regarding the photographic services the plaintiff was to provide, including whether Borderud was to provide certain "consumer advertising shots;" (2) Young never signed the agreement that the plaintiff sent him for signature, and after some discussions the parties agreed that Borderud could not perform the services Young desired at the agreed contract price; and (3) Young never agreed to pay a "cancellation fee" or reimbursement for expenses incurred by Borderud. The factfinder responded to the objections filed by defendant by indicating that they had been "reviewed" and "denied."
As pointed out by Beizer v. Goepfert, 28 Conn. App. 693, 698,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), any contract action may be referred to a factfinder "if only money damages are claimed and if the amount in controversy does not exceed $15,000." In reviewing the decision of a factfinder, Beizer makes the following points: (1) "[a] challenge to the trial court's factual findings requires that the plaintiff establish that the factual findings were clearly erroneous," meaning that the reviewing court "is left with the definite and firm conviction that a mistake has been committed;" Id., 704; (2) "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses;" Id., 704-05; (3) the reviewing court "will not retry the facts or assess the credibility of the witnesses," because "[t]he finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony," and "[t]he trial court is not bound by the uncontradicted testimony of any witness;" Id., 706; and (4) the issue is whether "[t]he factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." Id., 706.
The defendant also filed "exceptions" to the acceptance of the report but never included the required transcript. Practice Book 439. So there appear to be procedural anomalies in this case, as motions to correct and exceptions are filed only in connection with attorney trial referee's reports, Practice Book 438, 439, respectively. Secondly, the "specific objections" filed in court on March 12, 1992, were obviously filed well after the fourteen days provided by Practice Book 546H in which to file objections to a factfinder's report. Plaintiff never objected to this late filing, however, and Judge Mottolese evidently decided that these objections should be evaluated by the factfinder on their merits. See Rowan Construction Corporation v. Hassane, 213 Conn. 337, 342,567 A.2d 1210 (1990) ("[w]e thus conclude that the Appellate Court CT Page 7631 was correct in finding that the plaintiff's objections to the referee's report was untimely. The court erred, however, in not finding this delay to be a procedural defect waived by the defendant's failure to object to the untimeliness in the trial court.")
The objections filed by the defendant to the factfinder's report all concern his finding that an agreement had been reached by the parties for the provision by the plaintiff of photographic services to Young, which included a promise to pay Borderud cancellation fee and expenses.
According to Shaw v. L. A. Socci, 24 Conn. App. 223, 229-30,587 A.2d 429 (1991), the court's task in reviewing a factfinder's report is to "review(ed) the record to determine whether the findings of fact . . . were supported by the evidence." Shaw also contains a reference to the court reviewing the transcript in order to ascertain whether the findings of fact by the factfinder were "supported by the evidence." Id., 229. The defendant in this case, however, did not provide a transcript of the trial, and so it is difficult to determine whether the findings of fact were supported by the evidence.
On the other hand, by reviewing the exhibits, certain matters are relatively clear. The written contract prepared by plaintiff, which was not signed by the defendant, contained a reference to a cancellation by the client, referring in this case to the defendant. If canceled by the client more than two days before the scheduled shoot, the client agrees to pay 50% of the photographer's fee. The written contract called for a fee of $4,500, at the rate of $1,500 a day for three days in the latter part of August, 1989. The recommended award of $2,250 is exactly 50% of the $4,500 fee contained in the proposed written contract. The contract also provides that the defendant must reimburse Borderud for the expenses he incurs.
Exhibit 3 is a transcript of a telephone conversation between Borderud and Kate Young, the defendant's wife, which took place on July 20, 1989. The factfinder does not comment specifically on this conversation, although it appears that the parties agreed that their relationship should terminate because of an inability to agree on the fees to which Borderud would be entitled.
I do not believe I have enough information to either accept or reject the report, and thus this case is remanded to the factfinder CT Page 7632 with a request that a supplemental report be issued to clarify the basis for the recommendation that the plaintiff recover "cancellation costs" and out-of-pocket expenses. These obligations were contained in a written contract that was never signed by the defendant because of a disagreement over its terms.
It is also unclear whether the factfinder concluded that the parties reached a binding oral agreement that included an obligation on the part of the defendant to pay a cancellation fee and expenses. Clarification is requested also on the issues of whether the defendant did in fact "cancel" the agreement, or whether the contract was mutually rescinded, and whether any of the claimed expenses were incurred by Borderud after the telephone conversation with Kate Young. In addition, the supplemental report should comment specifically both on the defendant's objections dated January 6, 1992, and the significance of the recorded telephone conversation between plaintiff and Kate Young.
An analysis of the law with regard to the validity of oral contracts which are followed by a written agreement incorporating their terms, where such written agreement is never actually signed, is also requested. It is not clear whether the plaintiff is relying on an oral contract, the subsequent unsigned writing, or the oral modification to such writing. If the factfinder's recommendations include an award of out-of-pocket expenses, clarification is requested regarding whether they are being awarded on a theory of equitable damages, or on the basis of a contract, and if the latter, the nature of the contract, written or oral.
If the factfinder believes that briefing on these issues is desirable, he should notify counsel accordingly.
Dated at Stamford, Connecticut, this 23rd day of August, 1993.
William B. Lewis, Judge