[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court for review of the report of a fact-finder. The plaintiff claims that the facts found entitle it to a judgment. The defendant claims that the facts as found require a judgment in its favor.
Having heard conflicting testimony concerning the transaction at issue, the fact-finder found that on November 28, 1990, the defendant, Systrak, Inc. signed a one-page sales agreement agreeing to buy two word processors from the plaintiff, Meyer Hill CT Page 10113 Lynch Corporation, for a total price of $4,719.55, including a shipping charge for the two computers. The fact-finder determined that only one side of the plaintiff's standard sales agreement was faxed to the defendant, such that the terms usually set forth on the reverse side of the agreement were not included in this transaction. The fact-finder further determined that the sales agreement was signed by the defendant's president and that the plaintiff shipped one of the two computers of the model ordered by the defendant, and that the defendant failed to pay for it when the plaintiff issued an invoice in the amount of $2,359.78.
The defendant has filed a post-hearing brief which both parties have treated as constituting a timely objection to the report of the fact-finder, as required by 52-549s C.G.S.
That statute and 546J P.B. provide that upon considering an objection to a fact-finding report, the court may "1) render judgment in accordance with the finding; 2) reject the finding and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of fact; 3) reject the finding and remand the matter to another fact-finder for a rehearing; 4) reject the finding and revoke the reference or 5) take any other action the court may deem necessary.
Connecticut's appellate courts have interpreted provisions concerning judicial review of the reports of court adjunct officers as prohibiting courts from substituting their own findings of fact for those of such officers upon review of the record. Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,423 (1989). These courts have, however, held that the recommendations of such officers as to the judgments to be rendered are not binding on the court, which should apply the appropriate legal principles to the facts found. See Dills v. Enfield, 210 Conn. 705, 713 (1989); Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 300 (1989); Shaw v. L. A. Socci, Inc.,24 Conn. App. 223, 226 n. 3 (1991).
The facts found by the fact-finder in the case before this court establish that the defendant ordered two central processing units to be shipped together for a single shipping fee. The seller did not fill the order in full, but shipped only one of the specified computer units to the defendant and then issued an invoice seeking payment.
The liability of a buyer for payment for partial shipments is CT Page 10114 governed by 42a-2-307 C.G.S., which provides that "[u]nless otherwise agreed all goods called for by a contract for sale must be tendered in a single delivery and payment is due only on such tender but where the circumstances give either party the right to make or demand delivery in lots the price if it can be apportioned may be demand for each lot."
Because the fact-finder determined that the seller had omitted the reverse side from the sales agreement signed by the buyer, there was no provision in that agreement authorizing the seller to make partial shipments. The fact-finder did not find that there were, within the meaning of 42a-2-307 C.G.S., any circumstances that authorized the seller to make partial shipments, and examination of the record indicates that the prior course of dealing between the parties had been for all equipment ordered in a particular sales agreement to be delivered at the same time, accounting for the absence of any finding of a practice of partial deliveries.
The fact-finder found, at paragraph 6, that the defendant "accepted" the processor shipped to it. There is no indication that the fact-finder used the word "accepted" in the technical sense of the Uniform Commercial Code, and the other findings are inconsistent with agreement to accept delivery of a single unit when two were ordered for resale to a customer of the defendant. The contract itself specifies a single delivery charge for the two processors, not a unit charge for each.
The further finding of an oral agreement by the defendant in February 1992, well over a year after the sales agreement was signed, to make payment for the unit shipped is of no legal effect. The fact-finder did not indicate that this transaction was anything other than a failed compromise of a disputed claim or that it was ever reduced to writing, a requirement for enforcement pursuant to 42a-2-201 C.G.S.
Since the findings of the fact-finder do not establish either compliance with the actual sales agreement or any agreement by the defendant to amend the order to provide for a partial shipment, the court concludes that the plaintiff has not established entitlement to a judgment for the claimed damages.
Judgment shall enter in favor of the defendant.
The defendant shall recover its court costs. CT Page 10115
Beverly J. Hodgson Judge of the Superior Court