[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between a seller and a purchaser of three orient rugs. The plaintiff, Oriental Rug Gallery, Inc., d/b/a House of Carpets and Oriental Rugs, Inc., was the seller and the defendants, C. Labrasciano, d/b/a American Builders, and C. Labrasciano were the purchasers of these rugs.[1] The plaintiff alleges in the first count of its two count complaint that in September of 1992 the defendants purchased one oriental rug, 8.6 x 12 feet, gave the plaintiff a check for $4,134, then stopped payment on the check, and refused to return the rug to the plaintiff or make good on the check. The second count claims that the defendants were unjustly enriched. CT Page 426
The defendants filed an answer admitting receipt of the rug and stopping payment of the $4,134 check, and a special defense which contended that the plaintiff's auction of the rug was "contrary to state statute." The defendants also filed a counterclaim containing three counts. The first count alleges that in August 1992, about one month prior to the purchase of the rug described in the complaint, the defendant purchased two other rugs from the plaintiff for $8,000, and that two days later they attempted to return the rugs to the plaintiff and get their money back. The defendants further allege that the plaintiff refused to accept the return of these two other rugs and also retained the $8,000 purchase price. The defendants contend that plaintiff's conduct violated "Conn. Gen. Stat. § 42-110b-16"[2]
allegedly relating to the obligation of a seller to accept the return of goods within seven days of their purchase. The second count of the counterclaim alleges that plaintiff was unjustly enriched by keeping the $8,000, and the third count claims a violation of General Statute § 42-110g et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The case was referred to Attorney Bernadette Coomaraswamy, an attorney factfinder, pursuant to General Statutes § 52-549n, and Practice Book § 546B et seq. The factfinder made the following findings of fact: (1) when the defendants purchased the two rugs in August 1992 and paid plaintiff $8,000 a receipt was issued by the plaintiff to the defendants which did not indicate that the sale was final and that the two rugs could not be returned; (2) there was no sign at plaintiff's store regarding the finality of sales; (3) the plaintiff had altered an exhibit in order to persuade the Connecticut Consumer Protection Department that it had issued a receipt to the defendants containing a no-return and no-refund policy; and (4) the defendants stopped payment on the $4,134 check, and kept the rug purchased for that amount.
Based on these facts, the factfinder drew the following conclusions: (1) the plaintiff should prevail on its complaint as the auction sale was final and the defendants deliberately stopped payment of the check for $4,134, but nevertheless kept the rug; (2) the defendants should return the two rugs to the plaintiff and get their $8,000 refunded; (3) the plaintiff's conduct of "deception and entrapment" in connection with the sale of "the two rugs in August, 1992 for $8,000 constituted a violation of CUTPA in that the plaintiff never advised defendants that the sale was final or that it had a policy of no-refunds; CT Page 427 and also in that the plaintiff attempted to avoid informing customers, such as the defendants, of their right to return goods; and (4) that the defendants' claim for legal fees of $1,737.50 in accordance with CUTPA was just and reasonable.
The plaintiff then filed a motion to correct the factfinder's report "pursuant to Section 438 of the Connecticut Practice Book."[3] The plaintiff sought corrections to the report as follows: (1) that the report include a reference or recommendation regarding a credit "if the rugs (to be returned to the plaintiff by defendants) were damaged or soiled;" and (2) that plaintiff had in fact advised the defendants that the sale of the two rugs in August, 1992 was "final" and that the receipt issued to defendants on that occasion reiterated that policy.
The factfinder responded to the motion to correct by indicating that: (1) since the plaintiff wrongfully refused to accept the return of the rugs, it should respond in damages "should there be any normal wear and tear." The factfinder declined to change her report that the plaintiff had failed to advise the defendants that the sale was final, and that no refunds would be paid.
The plaintiff filed an objection to the report "pursuant to Section 440 of the Connecticut Practice Book"[4] claiming that the factfinder had not responded to its objection to refunding the full $8,000 if there was damage to the rugs other than normal wear and tear. In addition, the plaintiff claimed that the "nature and tone" of the factfinder's report indicated that she "was clearly prejudiced against the Plaintiff."[5]
Objections to the acceptance of a factfinder's report are authorized by Practice Book § 546H which provides that: "[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted."
As pointed out by Beizer v. Goepfert, 28 Conn. App. 693, 698,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), any contract action may be referred to a factfinder "if only money damages are claimed and if the amount in controversy does not exceed $15,000." In reviewing the decision of a factfinder, CT Page 428Beizer applies the following standards: (1) "[a] challenge to the trial court's factual findings requires that the plaintiff establish that the factual findings were clearly erroneous," meaning that the reviewing court "is left with the definite and firm conviction that a mistake has been committed;" Id. 704; (2) "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses;" Id., 704-05; (3) the reviewing court "will not retry the facts or assess the credibility of the witnesses . . ." because "[t]he finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony," and "[t]he trial court is not bound by the uncontradicted testimony of any witness;" Id., 706; and (4) the issue is whether "[t]he factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." Id., 706.
According to Shaw v. L.A. Socci, 24 Conn. App. 223, 229-30,587 A.2d 429 (1991), the court's task in reviewing a factfinder's report is to review "the record to determine whether the findings of fact . . . were supported by the evidence." Shaw also contains a reference to the court examining the transcript in order to ascertain whether the findings of fact by the factfinder were "supported by the evidence." Id., 229. The parties to this case, however, did not file a transcript, so it is impossible to make that inquiry. The exhibits, however, are available and were reviewed.
Therefore, and in accordance with the factfinder's report, judgment enters in favor of the plaintiff to recover from the defendant the sum of $4,134. Secondly, with respect to defendants' counterclaim, judgment enters ordering the defendants to return the two rugs in question, and ordering the plaintiff to pay them $8,000. The court agrees with the plaintiff that the factfinder did not focus on the possibility that the rugs being returned to plaintiff had suffered more than normal wear and tear. In that event, the plaintiff is entitled to a credit on the $8,000 to be refunded to the defendants. If the plaintiff, upon examination of the two oriental rugs at the office of defendants' counsel, claims that they have suffered more than normal wear and tear, the rugs will be held by defendants' counsel, the factfinder so notified, and a subsequent hearing shall be held in order that the factfinder can hear evidence about the diminution in value, if any, of the two rugs caused by other than normal wear and tear. CT Page 429
So Ordered.
Dated at Stamford, Connecticut, this 25th day of January, 1995.
William B. Lewis, Judge