[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: ACCEPTANCE OF FACTFINDERS FINDINGS AND ARTICULATION
I cannot substitute my judgment on findings for that of the factfinder, Shaw v. L.A. Socci, Inc., 24 Conn. App. 223,229 (1991). Furthermore, I wrote a Memorandum of Decision in which I sent the matter back to the factfinder for articulation as to the basis of his legal conclusions. The fact under articulated his reasons by referring to the evidence.
Now the defendant objects and in certain respects contests the factfinder's conclusions or statements about the evidence actually given. However, the court has not been supplied with a transcript or any means of evaluating the defendant's contentions, see, Shaw at page 229.
Specifically on the second page of his objection the defendant makes assertions that a particular finding is "not supported by the evidence." As to the finding that regarding coverage the fact finder says the defendant was told this to his face more than once — the defendant claims this is a "totally new found fact." Similar objection is made to the articulation that the defendant knew so-called outside sales persons were covered. It is claimed this is a new finding not in the original finding or memorandum of decision and not supported by the evidence. True, but these additional findings were made in response to the very articulation the defendant requested. As to the argument that certain findings are not supported by the evidence — what evidence and where is it? Under Practice Book 546H, I believe the party objecting to the findings of fact and conclusions reached has some CT Page 2211 burden of at least going forward. In order to do this a trial court must be provided with a transcript or at least some findings based on references to specific portions of the testimony. There is no way in which this court, asked to review findings can evaluate and agree or disagree with some general claim that a particular fact is "not supported by the evidence."
The objection to the Findings of Fact and Articulation is overruled.
Corradino, J.