[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Citibank (South Dakota) N.A., filed a one count complaint against the defendant, Gary Klahr, seeking recovery of $13,971.49, plus interest and costs, for alleged charges made by the defendant on a Preferred Master Card. The defendant filed an answer, generally denying the allegations of the complaint.
The case was referred to Attorney Jules Lang, an attorney fact-finder pursuant to General Statutes § 52-549n, and Practice Book § 546B et seq. The fact-finder issued a report which contained the following findings of fact: (1) Connecticut Bank Trust Company, which originally issued the credit card used by the defendant, sold the account to the plaintiff in 1991 with a balance of $11,504.49; (2) the balance presently due on the defendant's account is $13,971.49, of which $2,769.16 represents charges for purchases, and $11,202.33 represents cash advances, plus interest and late charges due on the account; (3) on May 6, 1993, the defendant made his last payment on the account; (4) monthly statements were sent by the plaintiff and received by the defendant between 1991, when the plaintiff purchased the account, and May 6, 1993; (5) the defendant paid at least the minimum payment every month, which included the interest charge for the preceding month; (6) the defendant conceded that he received the monthly statements that comprised Exhibit A; (7) the defendant also conceded that he stopped making payments because of other expenses, some of which resulted from a serious injury suffered by his daughter; and (8) the defendant conceded that he never complained about any of the charges listed on the monthly statements that comprised Exhibit A.
The fact-finder concluded that pursuant to the testimony of the plaintiff's agency manager and the monthly statements that comprised Exhibit A, the defendant was indebted to the plaintiff in the sum of $13,971.49. The fact-finder recommended that judgment enter in favor of the plaintiff in the amount of $13,971.49 because CT Page 2286 the plaintiff specifically waived its entitlement to attorney's fees and the cost of collection.
The defendant filed an objection to the fact-finder's report on November 7, 1994, pursuant to Practice Book § 546 et seq., on the grounds that the conclusions of facts were not properly reached on the basis of the subordinate facts.
Practice Book § 546H provides in pertinent part that "[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted." Furthermore, "[a]fter review of the findings of facts and hearing on any objections thereto, the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the factfinder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.)Wilcox Trucking, Inc. v. Mansour Builders. Inc., 20 Conn. App. 420,423, 567 A.2d 1250 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted) Id., 423-24.
The findings of fact should be overturned "only when they are clearly erroneous," that is an objection to a factfinder's report should be overruled when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact-finder and the reasonable inferences that may be drawn therefrom." Id., 425; see also Shaw v. L.A. Socci, Inc., 24 Conn. App. 223, 229
CT Page 2287587 A.2d 429 (1991) (holding that it is the trial court's function to "review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, when reviewing the decision of a fact-finder, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses; . . . the reviewing court will not retry the facts or assess the credibility of the witnesses, because [t]he finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded to their testimony, and [t]he trial court is not bound by the uncontradicted testimony of any witness; . . . and the issue is whether [t]he factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." (Citations and internal quotation marks omitted.) Borderud v. Young, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 105973 (August 23, 1993, Lewis, J.), citing Beizer v. Goepfert,28 Conn. App. 693, 698, 613 A.2d 1336, cert. denied, 224 Conn. 901,615 A.2d 1049 (1992).
Specifically, in his objection to the fact-finder's report, the defendant contends that the plaintiff's only witness, an agency manager, testified that there was no written or oral agreement between the defendant and the plaintiff with respect to the repayment of the monies advanced or used to purchase products, or regarding the interest rate or late fees to be charged. The defendant further argues that the plaintiff was not able to break down the amount owed by the defendant for principal, interest and late charges. The defendant argues that because there was no written agreement between the parties the most that the plaintiff is entitled to recover is the principal amount owed, and that interest at 16-19% is not permitted. The defendant also contends that the sums paid by him in 1990-1992 should have been deducted from the principal balance, but instead they were used to offset interest charges.
Although it is true that the plaintiff's witness did testify that the original credit card application between the defendant and Connecticut Bank Trust was not available and that the plaintiff did not have a document signed by the defendant in its possession, he nevertheless testified that: a copy of the retail installment obligation was sent to the defendant; the statements sent to the defendant indicated the interest rate and any additional charges; CT Page 2288 the defendant was sent periodic agreements with the terms of the account and illustrating the finance charges on the account; and that the defendant continued to use his account with the plaintiff and make payments to the plaintiff. The monthly statements comprising Exhibit A indicate the interest rate and any additional charges, and the defendant testified that he received the monthly statements comprising Exhibit A, that he reviewed them, and made payments to the plaintiff.
Moreover, the defendant failed to raise the issue that the interest rate charged by the plaintiff is not permitted, and he has also failed to provide any authority for this contention. Accordingly, the defendant's contention that the interest charged by the plaintiff is not permitted is not persuasive. In addition, contrary to the argument of the defendant, Exhibit A breaks down the interest and late fees charged by the plaintiff each month.
Based upon a review of the record, including the transcript of the proceedings before the fact-finder, the fact-finder's findings are supported by the evidence presented during the proceedings, and the fact-finder's conclusion that the defendant was indebted to the plaintiff in the sum of $13,971.49 was based on sufficient evidence, and follows legally and logically from that evidence, and thus is not clearly erroneous. See Borderud v. Young, supra.
Therefore, the defendant's objection to the fact-finder's report is overruled and judgment is entered in favor of the plaintiff in the amount of $13,971.49.
So Ordered.
Dated at Stamford, Connecticut this 15th day of March, 1995.
WILLIAM BURKE LEWIS, JUDGE