[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Walter C. King Associates, P.C., a certified CT Page 9854 public accounting firm, filed a five count complaint against the defendants, New Canaan Alarm Company (Alarm Company), Paul Chludzinski and Marcia Chludzinski, seeking recovery for accounting services allegedly rendered to the defendants. In the first and second counts of the amended complaint dated December 20, 1994, the plaintiff alleges that it had a contract with the Alarm Company to provide accounting and tax services, that the Alarm Company agreed to pay plaintiff's usual and customary hourly rate, and that there is a balance due, including interest at 18% per year, of $2,118.15. In the second count of its complaint, the plaintiff alleges that it is owed the fair and reasonable value of its services. The third and four counts are directed at Paul Chludzinski, the case having been withdrawn against Marcia Chludzinski, and allege that he owes $3,938.78, both on a contract theory and on the basis of quantum meruit. The fifth count alleges that the corporate veil of the Alarm Company should be pierced in order to hold its principal shareholder and officer, Chludzinski, personally responsible for the corporate debts. The defendants filed an answer, generally denying the allegations of the complaint, and containing three special defenses alleging payment, fraud and inadequate accounting and tax services.
The case was referred to Attorney Barry J. Boodman, an attorney fact-finder pursuant to General Statutes § 52-549n, and Practice Book § 546B et seq. The fact-finder issued a report which contained the following findings of fact: (1) as to the first count, that the plaintiff proved it had an oral agreement with the Alarm Company that it would provide accounting services and that this defendant would pay for the same; (2) that the parties did not have a meeting of the minds or agreement about the payment of interest at the rate of 1 1/2% per month; (3) that any agreement between the plaintiff and the individual defendant, Chludzinski, regarding the rendering of accounting services, would be a "consumer contract" in accordance with General Statutes § 42-151, which requires a written contract, rather than an oral agreement, as was the case between the plaintiff and Chludzinski;[1] (4) with regard to the count seeking a piercing of the corporate veil, that the plaintiff billed the company for services rendered to the individual; and (5) that the plaintiff was not able to divide the payment it sought from the defendants into an hourly rate as contrasted with the interest factor.
The fact-finder recommended that judgment enter in favor of CT Page 9855 the defendants because the plaintiff did not know how much of the balance due "represents the interest it added" as contrasted with the "hourly rate" charged for its services. The fact-finder also concluded that the claimed 18% interest per year was usurious, unfair and inequitable, and that the corporate veil of the Alarm Company had not been successfully pierced.
The plaintiff filed an objection to the fact-finder's report pursuant to Practice Book § 546 et seq., on the grounds that the report found as a fact that the plaintiff had rendered accounting services to the defendants who had agreed to pay for these services, there was a balance due, and the defendants had not proved their special defenses, yet the fact-finder had recommended judgment for the defendants. The report also noted that the defendants did not offer any witnesses or evidence on their own behalf.
Practice Book § 546H provides in pertinent part that "[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted." Furthermore, "[a]fter review of the findings of facts and hearing on any objections thereto, the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.)Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,423, 567 A.2d 1250 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose CT Page 9856 determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action such as this should be overturned "only when they are clearly erroneous," that is, a factfinder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact-finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. MansourBuilders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A.Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's function to "review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id. The issue is whether the "factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." Id.
The plaintiff points out, however, that it did provide a breakdown between the hourly rate charged to the defendants and the interest that was also charged, which is reflected in the invoices admitted as evidence at trial, where interest was referred to as a "service charge." The fact-finder's finding that the parties did not agree on an interest rate is not overturned by this court, but his recommendation that judgment enter in favor of the defendants is not accepted. Just as is the case with respect to attorney trial referees, "determinations of law in his or her report are not binding on the court . . . the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . the trial court [has] the inherent authority . . . to render whatever judgment was appropriate in light of the facts found by the attorney trial CT Page 9857 referee." (Citations omitted; internal quotation marks omitted.)Dills v. Enfield, 210 Conn. 705, 713, 557 A.2d 517 (1989); see also State Bank of Westchester v. New Dimension Homes ofConnecticut. Inc., 38 Conn. App. 491, 497, ___ A.2d ___ (1995) (stating "[a]ny legal conclusions reached by an attorney trial referee have no conclusive effect").
Based upon a review of the exhibits introduced at the hearing before the fact-finder, his findings are supported by the evidence presented during the proceedings.[2] However, the fact-finder's conclusion that the plaintiff cannot recover from the Alarm Company is rejected because the plaintiff did offer evidence of the interest factor. Subtracting the interest claimed by the plaintiff on the theory that such interest was never agreed upon, or has other infirmities, as found by the fact-finder, a balance remains due the plaintiff of $38.40 for services rendered to the corporate defendant, and $2,375.35 for services rendered to the individual defendant, Chludzinski. As the fact-finder noted in his report: "[t]he plaintiff was entitled to payment from the defendant company for the reasonable value of the accounting services provided by the plaintiff to the defendant company and [to] the defendant individual . . . ." Accordingly, judgment may enter for the plaintiff to recover $2,413.75 from the Alarm Company, plus costs as taxed by the clerk. In all other respects, the plaintiff's objection to the fact-finder's report is overruled and judgment is entered in favor of the defendants on all counts except the first count.
So Ordered.
Dated at Stamford, Connecticut this 29 day of August, 1995.
William B. Lewis, Judge