[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Stamford Hospital, sued the defendants, Myroslaw Dragan, M.D. and his wife, Irene Dragan, M.D., for hospital services rendered to Dr. Myroslaw Dragan, hereinafter referred to as the defendant, when he was a patient at the plaintiff's hospital in November, 1988. The complaint is in two counts, including a count claiming that Irene Dragan, as the wife, of the defendant, is also liable for hospital services rendered to her husband, pursuant to General Statutes § 46b-37. The plaintiff alleges an unpaid balance of $2,500 remaining from an original bill of $7,927.41. The defendant filed an answer which denied that any balance was due to the plaintiff. A counterclaim against the plaintiff was also filed, which was later withdrawn.
The case was referred to Attorney Barbara A. LaVoy, an attorney fact-finder pursuant to General Statutes § 52-549n, and Practice Book § 546B et seq. The fact-finder issued a report which indicated that the defendant contended that he was billed for services that were not in fact rendered to him. After listening to the evidence, the fact-finder recommended that judgment enter in favor of the plaintiff hospital for $1,825.95, after crediting to the defendant the sum of $674.05, representing certain overcharges for intravenous bottles, dilutents and medications.
The defendant then filed a 42 page "objection," plus an CT Page 1365-NNN appendix, to the fact-finder's report. The defendant claims that he was billed for services rendered after he had unsuccessfully attempted to sign himself out of the hospital; that he was billed for nursing services and supplies that do not appear on the hospital charts as having been rendered or supplied; that he was overcharged for pharmaceutical items; and that the fact-finder did not afford sufficient time for the defendant to present his defense to the plaintiff's claim.
Practice Book § 546H provides in pertinent part that "[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted." Furthermore, "[a]fter review of the finding of facts and hearing on any objections thereto, the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the mater to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (citations omitted.) Wilcox Trucking, Inc. v. Mansour Builders,Inc., 20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied,214 Conn. 804, 573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the, court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action such as this present action should be overturned "only when they are clearly erroneous," that is, a fact-finder's recommendations should be CT Page 1365-OOO accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact-finder and the reasonable inferences that may be drawn therefrom." WilcoxTrucking, Inc. v. Mansour Builders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A. Socci, Inc., 24 Conn. App. 223, 229,587 A.2d 429 (1991) (holding that it is the' trial court's function to "review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id. The issue is whether the "factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." Id.
Based upon a review of the report rendered by the fact finder, as well as the exhibits introduced at the hearing, her conclusions are supported by the subordinate facts that she found and, furthermore, there is no reason why her conclusions should not be accepted.[1]
Accordingly, the report of the fact-finder is accepted and judgment enters in favor of the plaintiff against both defendants in the amount of $1,825.95, plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of February, 1996.
William B. Lewis, Judge