[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter, in the nature of a contract collection, was heard on December 6, 2001 by fact finder Dennis G. Ciccarillo, and a decision was rendered on January 22, 2002. On February 6, 2002, the plaintiff objected to the report, and on February 7, 2002, the defendant moved that the report be accepted. Thereafter, this court heard argument and now grants the defendant's motion.
The matter concerns an outstanding balance of $12,829.74 for seafood purchased by the entity known as Leon's Restaurant. The plaintiff sued the named defendant d/b/a and the defendant argued that the restaurant was owned by a corporation. The fact finder ruled for the defendant essentially finding that the named defendant neither ordered the subject seafood nor agreed to pay for any seafood. Indeed, he found that the plaintiff's manager testified that, without direction from anyone, she added the defendant's name to the invoices. The fact finder noted, however, that the named defendant did, on occasion, respond to inquiries from the plaintiff about outstanding bills and that subsequently monies were paid.
In Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,423, 567 A.2d 1250 (1989), our Appellate court stated that, "[a] reviewing authority may not substitute its findings for those of the trier of facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or attorney trial referees. "(Internal citations omitted.) Id., 423. The court added that "attorney trial referees and fact finders share the same function. . . . (Internal quotation marks omitted.) Id. The plaintiff is clearly asking this court to substitute the plaintiff's view of the facts for that of the fact finder. This court finds nothing erroneous with his conclusions and thus refuses to vacate that decision. See, Shaw v. L.A. Socci,24 Conn. App. 223, 229, 587 A.2d 429 (1991). The fact that the plaintiff made the invoices out to "LEONS REST ED/LEON/JOSEPH VARIPAPA" does not make the named defendant personally liable for the corporation's debts.
Berger, J. CT Page 3429