WILCOX TRUCKING, INC. *v.* MANSOUR BUILDERS, INC.
(7422)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Argued October 3—decision released December 26, 1989

*Robert J. Reeve,* with whom, on the brief, was *Edward F. Scully,* for the appellant (defendant).

*Mary F. Haddon,* with whom, on the brief, was *Dwight Owen Schweitzer,* for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from a judgment rendered by the trial court after the court rejected a portion of the findings filed by a factfinder pursuant to Practice Book § 546G. The defendant claims that the trial court erred (1) in substituting its own factual determinations for those made by the factfinder, and (2) in sustaining the plaintiff's objections to the factfinder's findings and memorandum of decision. We find error.

This case has its origin in an oral contract for the removal by the plaintiff of fill from a construction site, the contract price to be based on a price per truckload. The plaintiff represented to the defendant that there was no buyer for the fill and that it might even be necessary to pay a charge per truckload to dump it. During the plaintiff's performance of the contract, however, it sold part of the fill to a nearby condominium project. The plaintiff fully performed under the contract, but the defendant refused to pay when it learned of the sale of the fill. The plaintiff thereafter filed suit for breach of contract, and the matter was referred to a factfinder,

who found for the plaintiff on the contract in the amount of $1475.88. This was based on the contract price of $3659.88, less a setoff of $2184 that represented the amount the plaintiff realized on the sale of the fill. The plaintiff filed an objection to the acceptance of the factfinder's report, and the trial court upheld the objection as it related to the sufficiency of evidence of the setoff. The court then rendered judgment in favor of the plaintiff for the full contract price of $3659.88. The defendant appeals.

In 1983, the legislature enacted General Statutes §§ 52-549n through 549t, creating the factfinder program for specified types of contract actions, and shortly thereafter Practice Book §§ 546B through 546K implemented that legislation. The statutes and rules of practice both require the factfinder to file findings with the court. The rules of practice also grant the factfinder the discretion to file a memorandum of decision addressing those matters deemed to be helpful in the resolution of the case. Practice Book § 546G.[1] After reviewing the findings, the trial court may take any of the following actions: "(1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.

[1] Practice Book § 546G provides in pertinent part: "The fact-finder may accompany his finding of facts with a memorandum of decision including such matters as he may deem helpful in the decision of the case."

In the present case, the factfinder filed his findings and memorandum, the plaintiff filed an objection claiming that the setoff was not supported by the evidence. A hearing was held on the plaintiff's objections, and the trial court, *Shaughnessy, J.,* ordered the defendant to furnish the court with those portions of the transcript that supported the findings on the setoff. The defendant does not dispute that this order to furnish the transcript was within the province of the trial court under § 546J (6), which confers upon the trial court the authority to take any other action that it deems appropriate. The defendant argues, however, that once the requested evidence was provided, the trial court's possible course of action was limited to one of the first five subsections of § 546J. The court, *Kline, J.,* exercised none of those options. Instead, it sustained the plaintiff's objections to that portion of the factfinder's report upholding the defendant's setoff and rendered judgment for the plaintiff for the full $3659.88.

A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); the Appellate Court; *Lerner* v. *Ceslik.* 17 Conn. App. 369, 372, 553 A.2d 1142 (1989); or the Superior Court reviewing the findings of either administrative agencies; *Gervasoni* v. *McGrath,* 36 Conn. Sup. 297, 300, 418 A.2d 952 (1980), or attorney trial referees. See Practice Book § 443; *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 299, 552 A.2d 827 (1989).[2] This court has articulated that attorney trial referees and factfinders " 'share the same function . . . "whose

---

[2] We note that the *Rostenberg-Doern* court approved the trial court's action in that case because the referee had erred on questions of law, not fact. *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 300–301, 552 A.2d 827 (1989). Thus, *Rostenberg* is inapposite to the present case.

determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." ' " *Rostenberg-Doern Co. v. Weiner,* supra, quoting *Seal Audio, Inc. v. Bozak, Inc.,* 199 Conn. 496, 502, 508 A.2d 415 (1986).

It is apparent that here the trial court corrected the finding of facts to make them consistent with its reading of the record and then proceeded to render a judgment in line with that amended finding. This was error. Once the court rejected the finding of facts, its options were severely limited. It either had to remand the matter to the same or a different factfinder for a rehearing or, in the alternative, it had to completely revoke the reference. Practice Book § 546J.

The plaintiff argues that the trial court's action should be sustained under subsection (6) of Practice Book § 546J which provides that, upon review of the findings, the trial court may take "any other action the court may deem appropriate." The flaws in this argument become apparent when § 546J is examined in its entirety. Subsection (6) immediately precedes a provision of § 546J that states "[t]he court may correct a finding of facts at any time before accepting it, *upon the written stipulation of the parties.*" (Emphasis added.) This sentence would be meaningless if we were to hold that a court may correct a finding absent such written stipulation of the parties. In construing statutes, no word or phrase should be treated as superfluous; *Gill v. Petrazzuoli Bros., Inc.,* 10 Conn. App. 22, 31, 521 A.2d 212 (1987); and these rules of statutory construction apply equally to the rules of practice. *DeTeves v. DeTeves,* 202 Conn. 292, 298, 520 A.2d 608 (1987).

We conclude that the trial court also erred in sustaining the plaintiff's objection to the factfinder's

report. In a contract action, findings of fact should be overturned only when they are clearly erroneous. *Pomarico* v. *Gary Construction, Inc.,* 5 Conn. App. 106, 112, 497 A.2d 70, cert. denied, 197 Conn. 816, 499 A.2d 1336 (1985). We have reviewed the record and are satisfied that there was sufficient evidence to support the setoff. Therefore, there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the factfinder and the reasonable inferences that may be drawn therefrom.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with the factfinder's report.

In this opinion the other judges concurred.