ROBERT B. KUPSTIS *v.* ANDRE L. MICHAUD, JR., ET AL.
(7895)

BORDEN, DALY and NORCOTT, Js.

Argued November 7—decision released December 26, 1989

*Michael A. D'Amico,* for the appellant (plaintiff).
*Robert J. Crean,* for the appellees (defendants).

NORCOTT, J. The plaintiff appeals from the judgment rendered against him by the trial court on the report of an attorney trial referee. The plaintiff raises two closely related claims on appeal. He first claims that the trial court erred in accepting the attorney referee's report over his objection after failing to find the 120 day time limitation of General Statutes § 51-183b applicable to attorney referees. The plaintiff's second claim, necessarily dependent upon the outcome of the first, is that the unreasonable delay between the time of the hearing and the time of the filing of the referee's report resulted in a denial of the plaintiff's right to due process of law. We find no error.

On June 23, 1986, the plaintiff, Robert B. Kupstis, instituted an action for specific performance of a contract for the sale of certain real property against the defendants, Andre and Gilberte Michaud. Upon consent by the parties, the trial court referred the case to an attorney trial referee and a hearing was held on October 7 and October 16, 1987. After waiting four months, the plaintiff received no word of any report from the referee. The plaintiff thereafter made several informal attempts to prompt the referee to render a report.[1]

---

[1] The plaintiff sent a reminder letter to the attorney referee on February 3, 1988. On May 2, 1988, the plaintiff contacted the chief clerk of the

Almost a year elapsed and the plaintiff had no success in prompting the referee to render his report. On September 22, 1988, the plaintiff filed a motion to compel the report. The court, *O'Brien, J.*, granted the motion, and, on November 1, 1988, after ordering transcripts of the hearing, the referee rendered a report unfavorable to the plaintiff. The plaintiff objected to the court, *McDonald, J.*, with respect to the entry of judgment against him, claiming that the report of the attorney referee, which he had moved to compel, was issued after an unreasonably long delay that far exceeded the claimed 120 day time limit. The court held that under the rule enunciated in *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, 7 Conn. App. 136, 508 A.2d 43 (1986), attorney referees are not bound by the 120 day time limitation and rendered judgment on the report.

The plaintiff argues that the 120 day time limit prescribed by General Statutes § 51-183b is applicable to attorney referees as well as to judges and state trial referees and that the referee in this case far exceeded that time limit. This court addressed this issue in *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, supra. There, we explicitly held that "[t]he time limitations of General Statutes § 51-183b only apply to judges and 'any trial referee who has the power to render judgments.' We have ruled . . . that attorney trial referees do not have the power to render judgments. Consequently, they are exempt from the 120 day time restraint." Id., 140. The plaintiff argues, nonetheless, that attorney referees should not be exempt, and that we should, as a matter of judicial policy, apply the 120 day time limit to them.

trial court to investigate the delay of the report. On July 12, 1988, after hearing nothing during the interim, the plaintiff contacted the chief clerk again to inquire about what had become of the initial inquiry. On August 23, 1988, still having heard nothing, the plaintiff sent another letter to the attorney referee.

Here, however, the plaintiff consented to the reference of his case to an attorney referee. He then moved to compel the very report that he now claims was untimely filed, and he did so *after* the 120 day limitation period that he claims is controlling. Had the plaintiff instead moved to *revoke the reference* to the attorney referee; see Practice Book § 432 (applicable to attorney referees pursuant to Practice Book § 428); or waited for the report to be rendered and objected to its acceptance; see Practice Book § 440; he would have acted in accordance with the relief that he now seeks. Under these circumstances, therefore, we conclude that it would be inappropriate to sustain the plaintiff's claim to apply the 120 day time limit to attorney referees by judicial decision, because he obtained the very relief he now seeks to disavow.

We recognize that, notwithstanding *Kowalsky,* an inconsistency does exist between attorney referees and other analogous persons to whom the court refers cases for findings of fact. While the court in *Kowalsky* properly exempted attorney referees from the *statutory* time limit of § 51-183b, it did not consider the 120 day limit prescribed by our *rules of practice* to factfinders and arbitrators requiring them to abide by the 120 day time limitation even though they are unable to render judgment.[2] Attorney referees fall into a gray area that exists between our rules of practice and our statutes. Of these three, each performing analogous functions, only attorney referees are not specifically bound by any rule to the 120 day time limit, and we perceive no reason for this distinction.[3]

[2] Practice Book § 546G requires that "[w]ithin one hundred and twenty days of the completion of the factfinder's hearing the factfinder shall file the findings of facts with the clerk of the court . . . ." Practice Book § 546Q mandates that "[w]ithin one hundred and twenty days of the completion of the arbitration hearing the arbitrator shall file his decision with the clerk of the court . . . ."

[3] We note that, according to our chief court administrator, attorney referees are compensated, as are factfinders and arbitrators, for their role

We do not condone such extended delays by attorney referees in rendering their reports as that which occurred in this case. Moreover, we strongly suggest that this gray area be eliminated and that a rule that binds attorney referees to the 120 day time limit be established. Under the circumstances of this case, we conclude that the trial court did not err in holding that under the current status of Connecticut law, the attorney referee was not bound by the 120 day time limit and in accepting his report.

The plaintiff next claims that he was denied his right to due process because of the undue delay by the attorney referee in rendering his report.[4] He argues that the attorney referee could not have clearly judged the credibility of the witnesses after the hearing, as indicated by the fact that he requested a transcript before rendering his decision. Although the time lapse is very long, this record is simply insufficient to lead us to conclude that the attorney referee could not make those determinations based on his own recollection, on whatever notes he may have made, and on the transcript

in the alternative dispute resolution process as required by General Statutes § 52-434 (4). Further, their jurisdiction to find facts is limited, as is the case with both factfinders and arbitrators. General Statutes § 52-434 (1) (attorney referees can hear any civil nonjury case); cf. Practice Book § 546D (factfinders may hear any contract action in which money damages alone are sought and the amount sought is less than $15,000, exclusive of costs and interest); Practice Book § 546N (arbitrators may hear any civil action seeking damages, legal interest or property in which the value is less than $15,000 exclusive of interest and costs and in which a claim for a jury trial and a claim for the trial list have been filed).

[4] The defendants argue that this claim is not reviewable because it was not raised to the trial court and because the plaintiff does not present exceptional circumstances that would bring him under the rule of *State* v. *Evans*, 165 Conn. 61, 69, 327 A.2d 576 (1973). We find that that the plaintiff did preserve this claim for appeal. While he may not have explicitly used the words due process, his claim was clearly that of a due process violation. He argued to the trial court "[t]hat it would be unfair for the court to accept the report in light of the obvious difficulties in judging the credibility of witnessess after a year has elapsed since trial."

he received. On this record, the plaintiff has not carried his burden of establishing a violation of his right to due process of law.

Furthermore, under the present rule, attorney referees are not bound by a 120 day time limitation; see *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.,* supra; and appointment of a trial referee requires consent by the parties. *Kroop* v. *Kroop,* 186 Conn. 211, 217, 440 A.2d 293 (1982). If the plaintiff wanted to guarantee that a judgment would be rendered within 120 days, he could have objected to the appointment of the attorney referee and chosen to go to trial. He was afforded due process when he was given the option of a trial or an alternative dispute resolution. He cannot now, after voluntarily choosing a route to which no time limitation applied, claim a violation of due process.

There is no error.

In this opinion the other judges concurred.