[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for goods sold and delivered which was referred to an attorney trial referee, Jane Donovan. General Statutes52-434(a)(4); Practice Book 428 et seq.
Attorney Donovan filed her report on June 4, 1990 finding that the individual defendant, Joseph Pascarelli, owes the plaintiff $98,043.34, of which sum the defendant Jeannette Pascarelli owes the plaintiff $5,047.82. The report also recommended that a conveyance of premises on Weatherbell Drive in Norwalk, recorded on July 29, 1985 from Joseph Pascarelli Jeannette Pascarelli be set aside as fraudulent. CT Page 799
Jeannette Pascarelli filed a cross claim against Joseph Pascarelli seeking indemnity and attorney's fees and the referee recommended that she recover attorney's fees in the amount of $4,058.25, plus be indemnified for any sums she pays the plaintiff.
The defendant Joseph Pascarelli filed an objection to the report on June 29, 1990, but Practice Book 441 requires that such objections be filed "within two weeks" after the referee's report is filed.
Even if the report had been timely filed, it would be rejected because a referee is not required to file a report within 120 days after the hearing is held or briefs filed, which was the subject of the objection. Kupstis v. Michaud, 20 Conn. App. 425, 429, 567 A.2d 1253 (1989).
Accordingly, judgment may enter for the plaintiff in accordance with the attorney trial referee — recommendations, viz., that the plaintiff is entitled to recover $98,043.34, plus interest from October 25, 1986, plus costs, from both defendants, of which defendant Jeannette Pascarelli is responsible for $5,047.82, but is to be indemnified by Joseph Pascarelli if she pays this amount and in addition he owes Jeannette Pascarelli $4,058.25 for attorney's fees she incurred. In addition the conveyance of the Weatherbell Drive property is hereby annulled and set aside. A proper order suitable for recording should be prepared by plaintiff's counsel in order to implement this part of the judgment.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-ninth day of August, 1990.
WILLIAM B. LEWIS, J.