[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Port Miolla Associates, sued the defendant, CGR Productions, for certain graphic art work performed at the request of and furnished to the defendant on May 9, 1994. In its complaint, the plaintiff alleges that there is an unpaid balance of $9,060. The defendant filed an answer denying the material allegations of the complaint.
The case was referred to Attorney William D. LeMoult, an attorney fact finder pursuant to General Statutes § 52-549n
and Practice Book § 546B et seq. The fact-finder issued a report which contained the following findings of fact: (1) on April 15, 1994, the plaintiff provided four design concepts to the defendant, which was seeking a job from General Electric Credit Corporation (GE Credit); (2) the plaintiff and the defendant agreed that they would supply this work to GE Credit without charge; (3) on May 9, 1994, the plaintiff provided a second set of four additional concept designs to the defendant, and these designs were then turned over to GE Credit; (4) GE Credit wrote to the defendant that if the design concepts were accepted, GE Credit would pay a fee to the defendant; (5) GE Credit thereafter notified the defendant that it was not awarding the job to the defendant, and the defendant then billed GE Credit for $11,174, indicating that the requested fee represented work performed by both the plaintiff and the defendant; (6) on June 13, 1994, the plaintiff billed the defendant $9,060 for the four design concepts furnished to GE Credit on May 9, 1994; and (7) GE Credit ultimately paid $2,000 to the defendant in settlement of the bill sent by the defendant.
The fact finder concluded on the basis of the above findings of fact that: (1) the plaintiff and the defendant never reached a CT Page 5950 mutual agreement concerning payment for work performed for the defendant on behalf of GE Credit if the defendant was not hired by GE Credit; (2) there was an implied agreement and understanding that the defendant would pay the plaintiff for its services if the defendant was hired by GE Credit; (3) the $2,000 paid by GE Credit to the defendant was for services rendered by both the plaintiff and the defendant; and (4) the plaintiff was entitled to one half of the money received by the defendant from GE Credit, representing the reasonable value of its services. Therefore the fact finder recommended that judgment enter for the plaintiff for $1,000.
The plaintiff then filed an objection to the fact finder's report; see Practice Book § 546H; claiming that "the findings of fact are not supported by the evidence." Practice Book § 546H provides in pertinent part that "[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted." Furthermore, "[a]fter review of the finding of facts and hearing on any objections thereto, the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.)Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation CT Page 5951 marks omitted.) Id., 423-24.
The findings of fact in a contract action such as this present action should be overturned "only when they are clearly erroneous," that is, a fact finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking,Inc. v. Mansour Builders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A. Socci, Inc., 24 Conn. App. 223, 229,587 A.2d 429 (1991) (holding that it is the trial court's "function to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id. The issue is whether the "factfinder's conclusions were based on sufficient evidence and were not clearly erroneous." Id.
Based upon a review of the report rendered by the fact finder, as well as upon the exhibits introduced at the hearing, the fact finder's conclusion that there was an implied agreement that the plaintiff and the defendant would share any funds received from GE Credit is supported by the subordinate facts.[1]
Accordingly, the report of the fact-finder is accepted and judgment enters in favor of the plaintiff and against the defendant in the amount of $1,000, plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of May, 1997. CT Page 5952
William B. Lewis, Judge