[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, A. J. Clarke Corp., a New York corporation, sued the defendant, Thomas Gladstone, a resident of Greenwich, seeking a real estate commission. In its complaint, the plaintiff alleges that it is licensed in the state of New York to act as a real estate broker; that the defendant retained it to obtain a purchaser for the defendant's cooperative apartment located at 130 East 18th Street in New York City; that it obtained Lori G. Fitzgerald who was ready, willing and able to purchase the defendant's apartment; that the defendant refused to consummate the sale; and that the plaintiff is entitled to a commission of $8,250.
The defendant filed an amended answer dated July 17, 1997, denying the material allegations of the complaint. The defendant also asserted three special defenses. The defendant, in his first special defense, alleges that the plaintiff is not CT Page 237 authorized to maintain the present action because it is a New York corporation transacting business in Connecticut without a certificate of authority. In the second special defense the defendant alleges that the plaintiff did not possess a signed brokerage agreement. In his third defense, the defendant alleges that he and the plaintiff never had a "meeting of the minds" regarding a commission.
Pursuant to General Statutes § 52-549n and Practice Book § 546B et seq., the case was referred to an attorney fact finder, Attorney Myra L. Graubard. The fact-finder issued a report which contained the following findings of fact: (1) the plaintiff and defendant had an exclusive written listing agreement which expired in October of 1993; (2) in May of 1995, Emily Tannen, a licensed real estate broker and agent for the plaintiff, who was located in New York City, telephoned the defendant in Connecticut in order to obtain an open listing for his apartment in New York City; (3) a non-exclusive "oral agreement" entitled the plaintiff to a 5% commission from the defendant if it produced a ready, willing and able purchaser of the subject co-op apartment; (4) as a result of efforts by the plaintiff, Fitzgerald agreed to purchase the apartment for $165,000; (5) the defendant accepted Fitzgerald's offer to purchase; (6) the board of directors of the cooperative must approve a proposed sale; (7) Fitzgerald obtained a mortgage and was ready, willing and able to close; (8) there was no reason why the cooperative's board of directors would have disapproved Fitzgerald's purchase of the apartment; (9) the defendant refused to prepare a contract of sale, which was a prerequisite for the board's approval; and (10) the defendant, who is also a real estate broker, subsequently sold the apartment to another person for $165,000 and received a 6% commission on the sale.
The fact finder concluded on the basis of the above findings of fact that: (1) the plaintiff was not transacting business in this state according to General Statutes §§ 33-396 and 33-412,[1] by telephoning the defendant in this state seeking to obtain a listing for property located in New York; (2) the case is governed by the laws of New York where the property is located and where the contract had its operative effect; (3) a non-exclusive oral brokerage agreement is enforceable in New York; (4) under New York law,[2] as a general rule and unless the parties agree otherwise, a broker is entitled to a commission upon producing a person who is ready, willing and able to purchase property upon terms established by the seller; and (5) CT Page 238 the defendant prevented Fitzgerald from purchasing the property by refusing to have a contract prepared. Therefore, the fact finder recommended that judgment enter for the plaintiff for $8,250, plus interest of $1,160.53. Interest was calculated as authorized in New York for a breach of contract, at 9% beginning December 1, 1995, when the commission was due, through July 23, 1997. The total recommended award is $9,410.53.
The defendant filed an objection to the fact finder's report claiming that certain "facts were unsupported by the evidence." See Practice Book § 546H.[3]
The defendant contends that he did not accept Fitzgerald's offer to purchase because she did not provide a binder, a memorandum of the sale, or financial documentation which the defendant had requested. Also, the defendant denies that he prevented performance of the brokerage agreement. The defendant objected to the conclusions by the fact finder that the plaintiff was not transacting business in Connecticut and that New York law should apply.
When reviewing reports of fact finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.) Wilcox Trucking, Inc. v. Mansour Builders,Inc., 20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied,214 Conn. 804, 573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the CT Page 239 court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action should be overturned "only when they are clearly erroneous." A fact finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. MansourBuilders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A.Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's "function to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
Based upon a review of the report rendered by the fact finder, as well as upon the exhibits introduced at the hearing, the court finds that the fact finder's conclusion that the plaintiff is entitled to a real estate commission is supported by the subordinate facts that she found.[4] The fact finder found that the defendant accepted Fitzgerald's offer to purchase his cooperative apartment but refused to prepare a contract to effectuate the agreement. The fact finder also determined that New York law should apply because that is where the apartment was located and the brokerage agreement would have its operative effect. See Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., 243 Conn. 401, 409, A.2d (1997) ("[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and parties. . . ."). The fact finder also ruled that the plaintiff was entitled to use this court to collect its commission because its activities did not rise to the level of requiring the plaintiff to obtain a certificate of authority to CT Page 240 transact business in Connecticut. Specifically, the plaintiff merely contacted the defendant and several other owners of New York realty who live in this state in order to obtain listings of their-New York properties. Further, the commission agreement would become binding only when the cooperative's board of directors approved the sale in New York. Thus, the plaintiff was not transacting business in Connecticut and did not need to obtain a certificate of authority in this state.
Accordingly, the report of the fact-finder is accepted and judgment enters in favor of the plaintiff and against the defendant in the amount of $9,410.53. Costs are to be taxed by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 412.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of January, 1998.
William B. Lewis, Judge