[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, G P Air Conditioners, Inc., a plumbing subcontractor, sued the defendant, Davidoff of Geneva (CT), Inc., for heating and air conditioning (HVAC) labor and material furnished to the defendant. In the first count of its two-count complaint, the plaintiff asserts a cause of action in breach of contract. The plaintiff alleges that it entered into a written agreement on January 24, 1994, with a general contractor, Evergreen Custom Builders, Inc. d/b/a Cardinal Construction, Inc. (Cardinal), to furnish HVAC at premises leased by the defendant at 550 West Avenue, Stamford, at a price of approximately $35,000. The plaintiff further contends that its contract with Cardinal was later amended to authorize "change orders" for modifications and additional work. The plaintiff also alleges that in the spring of 1994, Cardinal and the defendant terminated their relationship, and the former ceased work at the subject premises. The plaintiff claims that in June of 1994, the plaintiff and the defendant entered into an oral agreement in which the plaintiff agreed to complete the HVAC installation. The plaintiff further alleges in the first count that it did complete the HVAC work, rendered a bill for $17,543, was paid $5,000 by the defendant on account, and that there is a balance due of $12,543. In the second count of its complaint, the plaintiff claims that the defendant was "unjustly enriched" by receiving HVAC labor, services, material and equipment furnished by the plaintiff at the subject premises. CT Page 4580
The defendant filed an answer denying the material allegations of the complaint. The defendant also asserted a special defenses that it had paid the plaintiff the sum of $5,000 as an accord and satisfaction for anything owed to the plaintiff.
Pursuant to General Statutes § 52-549n and Practice Book § 546B et seq., the case was referred to an attorney fact-finder, Attorney Myra L. Graubard. The fact-finder issued a report which contained the following findings of fact: (1) the contract between the defendant and Cardinal for renovation work was originally $192,962, but was modified by certain change orders and increased to $237,783; (2) the defendant paid Cardinal $212,000 for work performed between December of 1993, and the end of March, 1994, when Cardinal left the subject premises; (3) the plaintiff's subcontract with Cardinal was for $35,530, and Cardinal paid the plaintiff $30,250; (4) the defendant paid the plaintiff $5,000 in November, 1994; (4) the defendant did not prove that it paid others to finish the work due under its contract with Cardinal; (5) the defendant wanted additional plumbing/HVAC work from the plaintiff, who in turn hired as its plumbing subcontractor, Murace Plumbing Co., Inc. (Murace), to perform such work; (6) this extra work was not included in the original contract with Cardinal, and was invoiced to the defendant in the amount of $8,374; (7) Cardinal agreed to a change order dated February 23, 1994, which approved an additional $1,720 of work; (8) Cardinal approved an additional change order, number 1111, on March 28, 1994, for HVAC work in the amount of $1,625; and (9) the work done by the plaintiff, either directly or by its subcontractor, Murace, was performed in a proper and workmanlike manner.
The fact finder concluded on the basis of the above findings of fact that: (1) the defendant benefitted [benefited] from the work performed either directly by the plaintiff or through Murace; and (2) the defendant owes the plaintiff $11,719 ($8,374, plus $1,720, plus $1,625).
The defendant filed an objection to the fact finder's report, as authorized by Practice Book § 546H, claiming that certain facts found by the fact finder should be deleted or modified, and that certain facts should be added to the report. The defendant also claimed that (1) it had no obligation to pay the plaintiff anything because all work performed by the plaintiff was included in the original contract with Cardinal; (2) the work claimed by CT Page 4581 the plaintiff was actually performed by the subcontractor, Murace, and that the plaintiff had no right to collect any funds owed by the defendant to Murace; and (3) the plaintiff was paid $35,000, including $5,000 by the defendant, and was not entitled to any more money.
When reviewing reports of fact finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the mater to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.)Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action should be overturned "only when they are clearly erroneous." A fact-finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. Mansour Builders, Inc.,
supra, 20 Conn. App. 425; see also Shaw v. L.A. Socci, Inc.,24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's "function to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for CT Page 4582 weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
Based upon a review of the report, the court finds that the fact-finder's conclusion that the plaintiff is entitled to recover $11,719 is supported by the subordinate facts that she found.[1] The fact-finder found that the defendant paid $5,000 to the plaintiff on November 21, 1994, representing the balance due on the contract between the plaintiff and Cardinal, and there was an absence of accord and satisfaction language. To the contrary, the accompanying note stated: "In order not to keep you waiting for the full balance, we'll send you a check for the first $5,000.00. Additional payments will follow immediately after approval."[2]
Furthermore, the fact-finder determined that the extra work performed by the plaintiff was done while Cardinal was still working at the subject premises, and that the defendant knew said work was being performed, and never objected to the invoices sent by the plaintiff.
The fact-finder also ruled that the plaintiff was entitled to recover on its complaint because its extra work including that performed by Murace, was approved by the defendant's agent and general contractor, Cardinal, and the defendant never expressed any dissatisfaction with such work. All of these factual findings, which cannot be disturbed by the court, lead logically and legally to the conclusion that the defendant benefitted [benefited] from extra work performed by the plaintiff and is therefore obliged to pay the plaintiff based on the second count of the complaint alleging unjust enrichment.[3]
Accordingly, the report of the fact-finder is accepted and judgment enters in favor of the plaintiff and against the defendant in the amount of $11,719. Costs are to be taxed by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 412.
So Ordered. CT Page 4583
Dated at Stamford, Connecticut, this 9th day of April, 1998.
William B. Lewis, Judge