[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Tam Communications, Inc., sued the defendant, Essex Motor Sports International, Inc., for advertising services rendered to the defendant during 1995 and 1996. The plaintiff alleges that there is a balance due in the amount of $2,283.22, which the defendant refuses to pay.
The defendant filed an answer denying the material allegations of the complaint. The defendant also asserted a special defense that an "accord of satisfaction" had been agreed upon by the parties.
Pursuant to General Statutes § 52-549n and Practice Book § 546D, now Practice Book (1998 Rev.) § 23-53, the case was referred to an attorney fact-finder, Attorney Jules Lang. The fact-finder issued a report which contained the following findings of fact: (1) the plaintiff furnished advertising services to the defendant, but agreed that the defendant would do some work on motorcycles owned by the plaintiff, the value of which work would be set-off against the value of the advertising CT Page 5247 services rendered by the plaintiff; (2) the total amount due the plaintiff was $2,283.22, from which $916.50 was to be subtracted for services performed by the defendant pursuant to the barter arrangement between the parties; (3) the defendant is owed $101.60 because the plaintiff incorrectly placed certain advertising; and (4) the defendant had failed to prove its special defense of an accord and satisfaction. The fact-finder concluded on the basis of the above findings of fact that the defendant owes the plaintiff $1,265.47.
The defendant filed an objection to the fact-finder's report; see Practice Book § 546H, now Practice Book (1998 Rev.) §23-57. The defendant claims that the plaintiff had agreed in writing that the balance due from the defendant was $921.86. The defendant agrees that there was an additional $127 of advertising services by the plaintiff and therefore a total of $1,048.86 was due, from which the two credits of $916.15 for barter services and a refund of $101.60, a total of $1,017.75, should be subtracted, leaving a balance of $31.11 due the plaintiff.
When reviewing reports of fact-finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another factfinder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.) Wilcox Trucking, Inc. v. Mansour Builders,Inc., 20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied,214 Conn. 804, 573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24. CT Page 5248
The findings of fact in a contract action such as this case should be overturned "only when they are clearly erroneous." A fact-finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom."Wilcox Trucking, Inc. v. Mansour Builders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A. Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429
(1991) (holding that it is the trial court's "function to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
Based upon a review of the report, the court finds that the fact-finder's conclusion that the plaintiff is entitled to recover $1,265.47 is supported by the subordinate facts that he found. The fact-finder received in evidence certain invoices that confirmed the rendering of advertising services, and gave certain credits in favor of the defendant as explained in his report. These factual findings, which cannot be disturbed by the court, lead logically and legally to the conclusion that the defendant is obliged to pay the plaintiff the sum recommended. As to the defendant's objections to the report, the plaintiff points out that although the plaintiff wrote a letter stating that there was a balance due of $921.86 as of April 16, 1996, the plaintiff's president testified that "he was referring to the barter arrangement and was unaware of other charges due."
Accordingly, the report of the fact-finder is accepted and judgment enters in favor of the plaintiff and against the defendant in the amount of $1,265.47. Costs are to be taxed by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 412, now Practice Book (1998 Rev.) § 18-5.
So Ordered. CT Page 5249
Dated at Stamford, Connecticut, this 29th day of April, 1998.
William B. Lewis, Judge