[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Greater New York Mutual Insurance Company, sued the defendant, Locust Avenue Associates, a partnership conducting a real estate business in New Canaan Inc., for unpaid workers' compensation insurance it issued to the defendant for the policy period from August 24, 1994, to August 24, 1995. The plaintiff alleges that the defendant owes a premium of $6,578, which it refuses to pay.
The defendant filed an answer denying that its two limited partners were intended to be or were included in the coverage furnished by the plaintiff.
Pursuant to General Statutes § 52-549n and Practice Book § 546D, now Practice Book (1998 Rev.) § 23-53, the case was referred to an attorney fact-finder, Attorney David F. Ertman. The fact-finder conducted a trial on November 14, 1997, and issued a report which contained the following findings of fact: (1) the defendant could have excluded its partners from coverage, which would result in a lesser premium, by sending written notice to the plaintiff and to the Workers' Compensation Commissioner; (2) the defendant failed to give this notice to the plaintiff and to the commissioner; and (3) the premium is calculated by an outside auditor after the term of coverage is over. The fact-finder concluded on the basis of the above findings of fact that the defendant owes the plaintiff $6,578.
The defendant filed an objection to the fact-finder's report; see Practice Book § 546H, now Practice Book (1998 Rev.) §23-57. The defendant claims that: (1) the defendant offered credible evidence that it did send proper notice of its election not to include its partners in the workers' compensation insurance; and (2) the defendant presented the testimony of a current partner, Engelke, who stated that he was not a partner during the premium year in question.
When reviewing reports of fact finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any CT Page 5155 other action the court may deem appropriate." Practice Book § 546J.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies. . . . or attorney trial referees." (Citations omitted.) Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action such as this case should be overturned "only when they are clearly erroneous." A fact-finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. MansourBuilders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A.Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's "function to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
Based upon a review of the report, the court finds that the fact-finder's conclusion that the plaintiff is entitled to recover $6,578 is supported by the subordinate facts that he found.[1] The fact-finder received in evidence certain invoices that confirmed the issuance of the workers' compensation CT Page 5156 insurance to the defendant. As to the issue of whether the defendant had given proper notice of its election not to include its partners, the defendant did not offer any letter or other form of such notification. Thus, the fact-finder could reasonably conclude that no such notification was ever sent. This factual finding, which cannot be disturbed by the court, leads logically and legally to the conclusion that the defendant is obliged to pay the plaintiff the amount recommended.
Accordingly, the report of the fact-finder is accepted and judgment enters in favor of the plaintiff and against the defendant in the amount of $6,578. Costs are to be taxed by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 412, now Practice Book (1998 Rev.) § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of April, 1998.
William B. Lewis, Judge.