[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, UP Technology, Inc., sued the defendant, MGA, Inc., for computer equipment it sold to the defendant during 1995. The plaintiff alleges that it sold such equipment in the amount of $14,920, and that there is a balance due of $10,713, which the defendant has refused to pay.
The defendant filed an answer denying the material allegations of the complaint. The defendant also asserted special defenses that the merchandise furnished by the plaintiff was of "inferior quality;" that it had revoked in a timely manner and in accordance with General Statutes § 42a-2-608 its acceptance of goods that were damaged and defective; that the goods furnished to the defendant were not "merchantable" (General Statutes § 42a-2-314) or "fit" for the particular purpose intended (General Statutes § 42a-2-315); that the plaintiff refused to cure the defects in the merchandise it provided; and that the plaintiff breached "express" warranties (General Statutes § 42a-2-313) and refused to accept return of defective goods.[1] The defendant also claimed that it was entitled to a set-off for moneys paid to the plaintiff in 1993, 1994, and 1995, and for the cost of its labor in repairing defective goods.
Pursuant to General Statutes § 52-549n and Practice Book § 546D, now Practice Book (1998 Rev.) § 23-53, the case was referred to an attorney fact-finder, Attorney Dennis G. Eveleigh.[2] The fact-finder issued a report which contained the following findings of fact: (1) some of the computer goods sold to the defendant were defective and required repair at a cost to the defendant of $2,750; (2) the plaintiff was entitled to counsel fees in accordance with a written document between the parties in the amount of one-third of the amount recovered.
The fact-finder concluded on the basis of the above findings of fact that: (1) that the defendant is entitled to a set-off of $2,750; (2) the defendant owes the plaintiff $7,963; and (3) the plaintiff is entitled to an attorney's fee of $2,654.33, resulting in a recommendation that the plaintiff recover a total of $10,617.33.
The defendant filed an objection to the fact finder's report; see Practice Book § 546H, now Practice Book (1998 Rev.) §23-57. The defendant claims that it was never furnished a complete accounting or statement by the plaintiff which would CT Page 5304 indicate the exact amount due the plaintiff.
When reviewing reports of fact-finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J, now Practice Book (1998 Rev.) § 23-58.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.)Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action such as this case should be overturned "only when they are clearly erroneous." A fact-finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v. MansourBuilders, Inc., supra, 20 Conn. App. 425; see also Shaw v. L.A.Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's "function to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), CT Page 5305 cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
Based upon a review of the report, the court finds that the fact-finder's conclusion that the plaintiff is entitled to recover $10,617.33 is supported by the subordinate facts that he found.[3] The fact-finder received in evidence certain invoices that confirmed the sale of computer material to the defendant in the spring of 1995 in the amount of $14,920. After crediting the defendant with a part-payment and a set-off for goods that needed repair in the amount of $2,750, he found that the defendant should pay $10,617.33 to the plaintiff. Furthermore, the fact-finder determined that the plaintiff was entitled to recover an attorney's fee as agreed upon in the amount of one-third of the amount recovered. These factual findings, which cannot be disturbed by the court, lead logically and legally to the conclusion that the defendant is obliged to pay the plaintiff the sum recommended.
Accordingly, the report of the fact-finder is accepted and judgment enters in favor of the plaintiff and against the defendant in the amount of $10,617.33. Costs are to be taxed by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 412, now Practice Book (1998 Rev.) § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of April, 1998.
William B. Lewis, Judge