[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This a dispute between a homeowner and his painter. The plaintiff, Kenneth Schulman, sued the defendant, Scott K. Smalley, defendant/b/a Performance Painters. The complaint has three counts. In the first count, the plaintiff alleges that he CT Page 13050 had a contract with the defendant to clean and apply a wood preservative to the roof of his home in Greenwich. The plaintiff further alleges that after the defendant stripped down a section of the roof and applied the preservative to that area, it had a different color than the rest of the roof, and therefore, the defendant breached their contract. In the second count of the complaint, the plaintiff alleges that the defendant violated General Statutes § 20-420 et seq., the Home Improvement Act, because the defendant was not a registered home improvement contractor, the contract was not in writing and did not conform to General Statutes § 20-429. The plaintiff further alleges that the violation of the Home Improvement Act also constitutes a violation of General Statutes § 42-110b et seq., the Connecticut Unfair Trade Practices Act (CUTPA). In the third count, the plaintiff claims that the defendant was negligent by stripping down a section of the roof and failing to match the color of that area with the rest of the roof.
The defendant filed an answer denying the material allegations of the complaint. He also asserts two special defenses that the plaintiff had indicated that he was fully satisfied with the work and that he was a subcontractor, not subject to the Home Improvement Act.
Pursuant to General Statutes § 52-549n and Practice Book (1998 Rev.) § 23-53, the case was referred to an attorney fact-finder, Attorney Ellery E. Plotkin. The fact-finder issued a report containing the following findings of fact: (1) the defendant was negligent in leaving two different colors on the roof, but the plaintiff did not prove, by any credible evidence, the amount of his damages, in that he did not demonstrate a loss of value to his home, or the cost of repair; and (2) the defendant was a subcontractor to the general contractor, Kim Mixer of Orchard Hill Homes. The fact-finder concluded, on the basis of the above findings of fact, that: (1) judgment should enter for the defendant with costs; and (2) the Home Improvement Act was not applicable to the defendant, a subcontractor.
The plaintiff filed an objection to the fact-finder's report; see Practice Book (1998 Rev.) § 23-57. The plaintiff claims that: (1) he proved that he paid the defendant $2,750 for cleaning and staining the roof, which is the portion of the work that the defendant was found to have performed negligently; (2) it would cost this same amount to repair the negligence because the entire roof had to be cleaned and restained in order to end CT Page 13051 up with one color; (3) with regard to the Home Improvement Act, he paid the defendant with checks payable to the defendant, he negotiated payment terms of the contract directly with the defendant, and Mixer was only his assistant and agent, not his general contractor; and (4) since the defendant was found to be "negligent" by the fact-finder, even if he had not proved his damages, the plaintiff was entitled to "nominal damages and costs.
Thereafter, the case appeared on the short or motion calender for judgment on report of the fact-finder. It should be noted that, unlike trials to the court, to an attorney trial referee or to a fact-finder, which are subject to the 120 day rules of Practice Book (1998 Rev.) §§ 11-19(a), 19-4, and 23-56 (c), respectively, for the rendering of an opinion, this case appeared as a short calendar motion for judgment on report and objections thereto. See Practice Book (1998 Rev.) § 11-19 (b) regarding reassignment and waiver thereof in the case of short calendar motions.
When reviewing reports of fact-finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book (1998 Rev.) § 23-58.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees." (Citations omitted.)Wilcox Trucking. Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Furthermore, "attorney trial referees and fact-finders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24. CT Page 13052
The findings of fact in a contract action, such as this case, should be overturned "only when they are clearly erroneous."Wilcox Trucking. Inc. v. Mansour Builders, Inc., supra,20 Conn. App. 425. A fact-finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Id. See also Shaw v.L.A. Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's "function to review the findings of the fact-finder initially to determine whether those findings were properly reached on the basis of subordinate facts found"). Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
The above cited cases dispose of the claims by the plaintiff that he had in fact offered credible evidence of his damages caused by the defendant's negligence. As to the CUTPA claim, it is axiomatic that this involves a factual claim to be resolved by the trier of fact. Tarka v. Fililpovic, 45 Conn. App. 46, 55,694 A.2d 824, cert. denied, 242 Conn. 903, 697 A.2d 363 (1997). The fact-finder determined that the defendant was a subcontractor. It is equally axiomatic that the the Home Improvement Act does not apply to a subcontractor. O'Donnell v. Rindfleisch,13 Conn. App. 194, 203-04, 535 A.2d 824, cert. denied, 207 Conn. 805,540 A.2d 373 (1988) ("The contract between the contractor and the subcontractor is now within the purview of the act. . .")
The remaining issue posed by the plaintiff, a legal one, is whether, because of the finding by the fact-finder that the defendant was negligent. the plaintiff is entitled to nominal damages. "It is . . . well established that an award of nominal damages is appropriate where there is insufficient evidence produced at trial to prove actual damages." City of Hartford v.International Association of Firefighters, Local 760,49 Conn. App. 805, 816, 717 A.2d 258 (1998). Thus, the plaintiff is CT Page 13053 entitled to $1.00 as nominal damages.
Based upon a review of the report, the court finds that the fact-finder's recommendations are supported by the subordinate facts that he found.[1] These factual findings concerning failure to prove damages, and that the defendant was acting as a subcontractor, cannot be disturbed by the court.
Accordingly, judgment enters in favor of the plaintiff to recover $1.00 as nominal damages. Costs are to be taxed in favor of the plaintiff by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book (1998 Rev.) § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this __ day of November, 1998.
William B. Lewis, Judge