[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This a dispute between an insurance agent or broker and the insured. The plaintiff is John M. Glover Agency and the defendant is RDB Building, LLC. The plaintiff alleges that the defendant promised to pay a premium based on a signed "Premium Finance Agreement" and had failed to do so.
The defendant filed an answer acknowledging that it entered into an agreement with the plaintiff as "agent/broker for insurance coverage," but denied that it owed the plaintiff any money. The defendant also asserts special defenses including accord and satisfaction and a breach by the plaintiff of the obligation of good faith and fair dealing.
Pursuant to General Statutes § 52-549n and Practice Book § 23-53, the case was referred to a fact-finder, Attorney James A. Fulton. The fact-finder issued a report containing the following findings of fact: (1) the plaintiff as an agent for insurance companies agreed to prove general liability and property coverage for premises belonging to the defendant and located in Waterbury; (2) the defendant signed a "Premium Finance Agreement and Disclosure Statement" which indicated that the annual premium for both polices commencing July 1, 1996 was $24,678; (3) this agreement also provided that if the policy was canceled, the defendant was obliged to pay a "Minimum Earned Premium" of $5,878, representing 25% of the annual premium; and (4) the policy was in effect for only three weeks as it was canceled when CT Page 9186 the defendant stopped payment on the first premium check.
The fact-finder concluded, on the basis of the above findings of fact, that: (1) the words "Minimum Earned Premium" were clear and unambiguous and constituted a nonrefundable obligation on the part of the defendant to pay the plaintiff the sum of $5,878; (2) the defendant did not prove its special defenses of a failure by the plaintiff of its obligation to act in good faith and fair dealing and the defendant was not entitled to any kind of refund; and (3) the plaintiff was entitled to recover prejudgment interest pursuant to General Statutes § 37-3a from July 1, 1996 to the date of judgment.
The defendant filed an objection to the fact-finder's report as authorized by Practice Book § 23-57. The defendant claims that: (1) the defendant was not advised that the "Minimum Earned Premium" was nonrefundable; (2) the defendant should not be obliged to pay 25% of the annual premium when the insurance was in force for only three weeks; and (3) ambiguities in an insurance contract must be construed in favor of the insured.
When reviewing reports of fact-finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 23-58.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees." (Citations omitted.)Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation CT Page 9187 marks omitted.) Id., 423-24.
The findings of fact in a contract action, such as this case, should be overturned "only when they are clearly erroneous."Wilcox Trucking, Inc. v. Mansour Builders, Inc., supra,20 Conn. App. 425. A fact-finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Id. See also Shaw v.L.A. Socci, Inc., 24 Conn. App. 223, 229, 587 A.2d 429 (1991) (holding that it is the trial court's function "to review the findings of the factfinder initially to determine whether those findings were properly reached on the basis of subordinate facts found").
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
Based upon a review of the report, the court finds that the fact-finder's recommendations are supported by the subordinate facts that he found.[1] The factual finding concerning the intent of the parties in signing the "Minimum Earned Premium" agreement cannot be disturbed by this court. The conclusion that the defendant was obliged to pay this amount after it canceled the insurance contract by stopping payment on the premium check follows logically and legally from that finding by the fact-finder.
Accordingly, judgment enters in favor of the plaintiff to recover $5,878 as damages, plus prejudgment interest from July 1, 1996 to the date of this judgment in the amount of $1,762.95, for a total judgment for the the plaintiff for $7,640.95. Costs are to be taxed in favor of the plaintiff by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book § 18-5. CT Page 9188
So Ordered.
Dated at Stamford, Connecticut, this 1st day of July, 1999.
William B. Lewis, Judge